## Al Lucas v. The State.

### No. 3341.   Decided June 20, 1906.

#### 1.—Manslaughter—Agreement of Counsel—Substitution of Indictment.

Where upon appeal for manslaughter the record showed an agreement between counsel, for the substitution of a lost indictment, and that appellant's counsel objected to the copy of the indictment as not being a true copy, but failed to offer proof on this issue, there was no error.

#### 2.—Same—Clothing of Deceased—Evidence.

Where upon trial for murder the clothing of deceased was offered in evidence, and there was no question about the infliction or description of the wounds, except one about the neck of the deceased, the introduction of the coat in evidence may have been authorized, but the introduction of the pants could have thrown no light on the transaction and should have been excluded.

#### 3.—Declaration by Defendant—Evidence.

Where upon trial for murder it was not shown that defendant's remark, that when he went after anybody he generally got him, was made after the stabbing. but was probably made before and did not refer to deceased, the same should have been excluded.

#### 4.—Same—Allusion to Former Conviction.

Upon trial for murder it was error to permit defendant's witnesses on cross-examination to testify that they as jailors had defendant in custody for a conviction of the same offense upon a former trial; nor should the court have permitted State's counsel to read in evidence an article of the Code of Criminal Procedure, to counteract the effect of defendant's refusal to escape under a former conviction pending an appeal.

Appeal from the District Court of Dallam.   Tried below before the Hon. Ira Webster.

Appeal from a conviction of manslaughter; penalty, two years in the penitentiary.

The facts in this case will be found in the opinion of the court on the former appeal, 14 Texas Ct. Rep., 776.

*Tatum & Stepp* and *Ed. G. Hyde,* for appellant.—On question of substituting indictment:   Bowers v. State, 75 S. W. Rep., 299.

*J. E. Yantis,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This conviction was for manslaughter.   Bill of exceptions shows that by agreement between the district attorney and appellant's counsel, the lost indictment should be substituted, and waiver of service and notice on defendant.   The jury for the week had been empaneled, and selection of a jury in this case had begun.   At this time appellant's counsel objected to the copy of the indictment filed by the district attorney, on the ground that it was not a true copy, and asked two days time in which to plead to the substituted indictment.   Whereupon the court offered counsel for appellant opportunity to produce evidence with the view of determining whether or not the copy was the true one of the original indict-

ment; and no evidence being offered, the objection of the defendant to the substitution of the indictment was overruled, and he ·was required to proceed with the trial. As explained by the court we fail to see any error. We understand that counsel having agreed to substitute a lost indictment would not waive the right to have a substantially correct substituted indictment, and if it was not correct, issue could be formed and tried. But it seems here from the statement of the judge that appellant failed to introduce evidence.

Exception was reserved to the introduction of the bloody clothing worn by deceased at the time of the tragedy. This character of testimony may or may not be introduced, owing to the circumstances of the particular case. If they serve any useful, necessary or relevant purpose they are admissible, but otherwise not. After a careful investigation of the bill of exceptions in the record there is one possible phase of the testimony which might have justified the court in admitting the coat. There was a cut or scratch on the neck of deceased, made by the knife used by appellant. The collar worn by deceased was also cut, and there was a cut on the front of the coat, commencing near the neck. The introduction of this coat may have thrown some light or rendered this phase of the testimony in regard to the cutting a little more intelligible to the jury than as described by the witnesses. The evidence for appellant tends to show that deceased was a much larger man than himself, about four inches taller, had made a rather vicious assault upon him with his fist, and had thrown his left arm around appellant's neck and beat him with his fist about the head; and that at the immediate time he used his knife upon deceased, deceased had him pressed back against the bar or counter and choking him; that he reached in his pocket, pulled out his knife, and began striking at random and blindly to release himself from the grasp of his antagonist. The cut as described by the witnesses showed that the knife blade did not penetrate far enough to reach the body of appellant, except a slight scratch on his neck. It may have been of some relevancy to explain the condition of things in the attitude of the parties at the time these cuts were made by accused. But we do not see how the introduction of the pants could have thrown any light on the transaction. The fatal wound was in or near what the witnesses term the right groin, cutting or severing ·the femoral artery, from which deceased bled to death. There was no question about the infliction or description of this wound; nor was there any question as to the location or description of two other slighter wounds, one near the top of the hip and the other in the side just above. These were both upon the left side of the body. Upon another trial we do not believe any of the clothing in regard to the wounds on the lower part of the body should be admitted. Cole v. State, 8 Texas Ct. Rep., 141; Melton v. State, 11 Texas Ct. Rep., 744; Crenshaw v. State, 12 Texas Ct. Rep., 758.

The State was permitted to prove by Sundergard that he heard de-

fendant say, before leaving the Bank Saloon, "When I go after anybody I generally get them," or something of that kind. Exception was reserved. We think this testimony should have been rejected. It is true that the district attorney by rigid examination got the witness to express a slight doubt that this remark was made after the stabbing, yet it is very clear from this bill of exceptions and the witness' testimony that the remark was made before and had no reference to deceased, for appellant and deceased up to this time had been friends.

Witnesses Weaver and Johnson were permitted to testify on cross-examination by the State, and over appellant's objection, that appellant while in their custody, as jailers of Armstrong and Dallam Counties, respectively, had been tried and convicted and given twenty years in the penitentiary of Texas for the killing of Lee Cannon, who is the deceased in this case. Objection was urged to this, which should have been sustained. Appellant was in jail as a prisoner, and this testimony was introducing before the jury the fact of his former conviction in this particular case. Another bill makes it appear that appellant while confined in jail had failed to take advantage of opportunities to escape. The district attorney was permitted over appellant's objection to read in evidence article 888, Code Criminal Procedure, for the purpose, as shown by this bill, of showing that the escape of a man convicted of a felony pending the appeal tends to affirm his sentence. The court should not have permitted this article of the statute to be read. We are not prepared to say that this would be reversible error. It is the law of the land, but it is not evidence in the case.

The remarks of the district attorney complained of in bill of exceptions we trust will not occur upon another trial, and are not discussed.

Matters complained of in regard to the charges on murder will not arise upon another trial, having passed out by reason of the acquittal of both degrees of murder.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Brooks, Judge, absent.