[No. 2145, March 12, 1918.]
## STATE v. ROMERO.

### SYLLABUS BY THE COURT.

1.　Where there is substantial evidence to support the verdict of the jury, the same will not be disturbed on appeal.　　　　　　　　　　　　　　　　　P. 352

2.　Under circumstances of this case, it was not error to permit the state to introduce in evidence clothing worn by the deceased at time of killing.　　　　　　　P. 352

Appeal from District Court, San Miguel County; Leahy, Judge.

Julian Romero was convicted of murder in the first degree, and he appeals.　Affirmed.

WILLIAM J. LUCAS and WILLIAM G. HAYDON, both of East Las Vegas, for appellant.　MILTON J. HELMICK, Asst. Atty. Gen., for the State.

### OPINION OF THE COURT.

PARKER, J.　The appellant, Julian Romero, was convicted of murder in the first degree, in the district court for the county of San Miguel.

The undisputed evidence shows that the appellant killed Maria Varela de Jaure, at the time alleged in the indictment, by shooting her.　Nor is there any dispute

of the fact that appellant and deceased had been on friendly terms shortly prior to the time of the killing. Appellant claims, however, that he was exceedingly drunk at the time he fired the fatal shot, and that he had no recollection of his conduct in this respect. It is argued that the verdict of murder in the first degree cannot be sustained, becaues of prejudice existing in the minds of the jury, due to the admission and exhibition of the clothing of the deceased in evidence. Counsel for the appellant consequently argue that the verdict of the jury would not have been murder in the first degree, had the court excluded consideration of the clothing of deceased.

[1] There is evidence in the record tending to show that appellant was not drunk at the time he fired the fatal shot; his conduct at and prior to this time indicating that he possessed his faculties, whereas the evidence introduced on behalf of appellant would indicate that he was drunk and did not possess his faculties. There is substantial evidence, however, to support the verdict of the jury, and the verdict will not, therefore, be set aside on appeal.

[2] The crucial question is whether the court erred in admitting in evidence the clothing of the deceased. Counsel for the appellant contend that the admission and exhibition of the blood-stained clothing of the deceased served no legitimate purpose in the case, and that it tended to inflame the minds of the jurors and prejudice them against the appellant. It is contended that the killing was admitted, as was the location of the wound on deceased and the relative position of the parties at the time the fatal shot was fired. In the oral argument of the case, counsel for appellant stated that the location of the wound could have been proved by the state by evidence other than the clothing.

We fully discussed the law with reference to the admissibility of such evidence, in the case of State v. McKnight, 21 N. M. 14, 35, 153 Pac. 76. We held in that case that such demonstrative evidence was admissible,

State v. Romero, 24 N. M. 351.

but that it should not be admitted, unless it serves to identify the deceased or honestly explain the transaction. Where there is no issue or contest as to facts which such evidence would legitimately tend to prove, there is no justification for its admission. Thus, in Gillespie v. State (Tex.) 190 S. W. 146, the defendant stated that there would be no issue on the question as to the location and character of the wounds. It was held that the court erred in admitting in evidence the bloody clothing of the deceased, because all that such evidence would prove was conceded by the appellant. In McKinney v. State (Tex.) 187 S. W. 960, 963, the testimony of two state witnesses was not in complete harmony as to the location of the wounds on the body of the deceased, and it was held that the clothing was therefore properly admitted. See, also, Cole v. State 45 Tex. Cr. R. 225, 75 S. W. 527, 530; Lucas v. State, 50 Tex. Cr. R. 219, 95 S. W. 1055.

In the case at bar the indictment charged murder in the first degree, and an issue was made thereon by appellant's plea of not guilty. At the trial it thereupon became incumbent on the state to prove the material allegations of the indictment beyond a reasonable doubt. The clothing was an item of evidence tending to prove, in part, those allegations. The appellant not only did not admit all relevant matter which the clothing might tend to prove, but from an examination of the record it appears that his counsel questioned the evidence of the state as to the number of shots which were fired by appellant at the deceased. We are satisfied that the circumstances of this case were such as permit the introduction of the clothing in evidence.

The judgment of the trial court is therefore affirmed; and it is so ordered.

HANNA, C. J., and ROBERTS, J., concur.