37 P.(2d) 539

STATE v. SOLIS.

No. 3987.

Supreme Court of New Mexico.

Oct. 22, 1934.

Rehearing Denied Nov. 21, 1934.

George R. Craig, of Albuquerque, for appellant.

E. K. Neumann, Atty. Gen., and Quincy D. Adams, Asst. Atty. Gen. for the State.

WATSON, Chief Justice.

Appellant was convicted upon an information charging that, with intent to kill one Harper, he made an assault upon him with a pistol, shooting him twice. 1929 Comp. St. § 35-605. The plea was not guilty and appellant attempted to establish self-defense.

■ A state's witness was permitted to answer a question as to Harper's "condition now, as to whether he is able bodied." The answer could throw little, if any, light upon appellant's intent, and might well have been excluded. However, Harper was in court and a witness, and his condition was fairly manifest to the jury. The court admitted the answer, remarking that it was "harmless." In this we find no reversible error.

■ Harper's scars were exhibited to the jury and, as well, the overalls he wore at the time. These were to support a theory of the state that the second shot was fired and took effect after Harper had fallen from the first. This demonstrative evidence was material both as to intent and as to self-defense. Cf. State v. Trujillo et al., 30 N. M. 102, 227 P.

759; State v. McKnight, 21 N. M. 14, 153 P. 76.

■ Harper admitted that he was armed at the time with a pistol. It was exhibited. The state sought to show that it had not been fired. Six shells, claimed to have been taken from it, were offered by the state and rejected because not sufficiently identified. Appellant complains of a refusal to strike the preliminary examination, during which it crept in that the offered shells were in number 6, the capacity of the gun, and loaded. The evidence was clearly nonprejudicial. It could have been no more than anticipatory of some claim that Harper had discharged the pistol. There is not a scintilla of evidence to that effect.

■ In the course of cross-examination, appellant was asked: "And as soon as you came here you became a law violator didn't you? * * * You became a consistent law violator from the moment you got in Bernalillo County?" Complaint is made of the overruling of the objections, and the refusal to strike the answer, "No sir." We find no error here. Cf. State v. Perkins, 21 N. M. 135, 153 P. 258; State v. Parks, 25 N. M. 395, 183 P. 433; State v. Bailey, 27 N. M. 145, 198 P. 529; State v. Clevenger, 27 N. M. 466, 202 P. 687; State v. Schultz, 34 N. M. 214, 279 P. 561. Several other objections to the cross-examination are met by the principle laid down in these cases that a witness' credibility may be affected by obtaining admissions of wrong doing if the examiner is able to extract them.

■ In view of the state's theory, for which there was some evidence, that appellant intended to kill Harper as a stool pigeon, it was not error to permit inquiry on cross-examination of appellant, whether he had not been indicted the day before the assault for a prohibition violation.

The judgment will be affirmed. It is so ordered.

SADLER, HUDSPETH, BICKLEY, and ZINN, JJ., concur.