67 P.(2d) 1006

**STATE v. LOBB.**

**No. 4271.**

Supreme Court of New Mexico.

April 23, 1937.

O. P. Easterwood, of Clayton, for appellant.

Frank H. Patton, Atty. Gen., and Fred J. Federici, Asst. Atty. Gen., for the State.

ZINN, Justice.

The appellant was charged by information with making an assault with a deadly weapon (an automobile crank) upon Gene Day. The assault happened at an admittedly drunken party. Appellee claimed self-defense. Upon trial and conviction appellant was sentenced to serve a term of not less than one nor more then three years in the penitentiary. On appeal many errors are assigned. Only one needs to be considered in light of the result.

The court permitted the State, over the objection of counsel for appellant, to ask the appellant whether he had ever been in the custody of the officers before. It appears from the testimony that when appellant was taken in custody by the sheriff he asked for an attorney. A Mr. Pounds, the chief of police of Clayton, was brought in. During this time the appellant made certain admissions to the sheriff about the assault. These admissions were elicited in answer to questions propounded by the

sheriff and the chief of police. The appellant attempted to show that he made these admissions in the belief that Pounds was his attorney.

On cross-examination, over proper objection, the district attorney was permitted to ask the appellant this question:

"Is this the first time you have been in the custody of the officers?"

The Attorney General argues that the question was intended to show that Lobb had been in the custody of the officers of Clayton before and therefore knew that Pounds was the chief of police and not an attorney and it was therefore proper on cross-examination to impeach the attempt· ed intimation of appellant that he had been entrapped into making certain admissions. In the alternative, the Attorney General contends it was also admissible under the theory enunciated by this court [State v. Solis, 38 N.M. 538, 37 P.(2d) 539, and ·cases therein cited] to test the credibility of the witness.

█ Neither contention is tenable.

Appellant's denial that he had knowledge that Pounds was not a lawyer did not authorize this question. The appellant's claim that he thought Pounds, the chief of police, was his lawyer was we believe palpably insincere. The district attorney might have been permitted to inquire to show that appellant knew Pounds was a police officer and not a lawyer. This could have been very easily done by proper questions. The district attorney clearly went beyond propriety when he asked appellee if

this was the first time he had ever been in the custody of officers. The district attorney, in his zeal to convict, was taking an undue advantage of an opening made by the defendant.

"Except as it may sometimes be proper to inquire into such matters on cross-examination for purposes of impeachment, and except where the witness was accused of the particular crime for which defendant is being tried, it is generally not permissible for a party to bring out the fact that a witness has been accused of, or arrested or indicted, or that a warrant has been issued for his arrest, or information filed against him, or tried for, a crime of which he is not shown to have been convicted, for the purpose of affecting his credibility, even though the crime involves moral turpitude." 70 C.J., Title, Witnesses, § 1045.

There are exceptions tó the rule above stated, as shown by the remainder of the text in Corpus Juris, but such exceptions do not go to the extent of permitting proof that the accused "had been in the custody of officers" without at the same time showing that he had been convicted of a crime involving moral turpitude or felony, or one affecting the witnesses' credibility.

█ The case of State v. Solis, 38 N.M. 538, 37 P.(2d) 539, is not in point, nor are any of the cases cited in that opinion, on the particular question. Specific acts of wrongdoing or "overt acts of wrongdoing" are admitted to impeach witnesses. They

have been largely applied in cases of women witnesses with reference to immorality, but being in the custody of an officer is beyond the rule laid down in these cases. Whether the appellant had or had not been in the custody of the police before is not impeachment of his assertion that he thought Pounds was a lawyer. When it is shown that appellee had been in custody of the officers, such fact clearly would tend to prejudice him in the eyes of the jury.

We said in State v. Conwell, 36 N.M. 253, 13 P.(2d) 554, 556:

"Except for purposes of impeachment, and the proof confined then within the narrow limits indicated by the statement just quoted, the general rule is that proof of other crimes is inadmissible, and the usual prejudicial character of such evidence is readily conceded by all courts and textwriters. Of course, there are well defined exceptions, as where the proof of other crimes tends to establish intent, motive, absence of mistake or accident, common scheme and plan, or identity of the person of the accused on trial. State v. Bassett, 26 N.M. [476] 477; 194 P. 867. No contention is had that the proof here made was for any other purpose than that of impeachment."

The other assigned errors need not be considered.

For the reasons given, the judgment must be reversed and a new trial awarded.

It is so ordered.

HUDSPETH, C.J., and SADLER, BICKLEY, and BRICE, JJ., concur.