115 P.2d 626

**STATE v. GALLEGOS.**

No. 4591.

Supreme Court of New Mexico.

July 8, 1941.

Rehearing Denied Aug. 18, 1941.

Luis E. Armijo, of Las Vegas, for appellant.

Edward P. Chase, Atty. Gen., and Howard F. Houk, Asst. Atty. Gen., for appellee.

ZINN, Justice.

Appellant was convicted of the crime of assault with a deadly weapon (a knife) upon the person of one Isidro Lucero, Jr. He was sentenced to the penitentiary. This appeal follows.

Two errors are assigned. The first is, that the court erred in permitting the introduction into evidence of the jacket or coat worn by the prosecuting witness at the time of the fracas. This jacket showed upon it the cuts made by the knife before penetrating the body of the prosecuting witness.

Objection to the introduction of the evidence at the trial was based on the appellant's theory that it would be to show the location of the wounds and would therefore tend to inflame the minds of the jury against the accused. On appeal he contends that at the time the jacket was offered in evidence it had no probative force because the location of the wounds or cuts was not disputed nor denied.

At the time the jacket was offered in evidence the prosecuting witness was testifying on re-direct examination. He had been preceded on the stand by only one other witness, one Dr. Johnson. We have searched the record preceding the introduction into evidence of the jacket and cannot find therein any indication that the appellant at that stage of the trial was not disputing the fact that the prosecuting witness had been cut. The appellant's plea was "Not Guilty". Such plea put into issue every element of the crime. The State had to prove that the prosecuting witness had been cut by a knife in the hands of the accused. Evidence showing that the jacket worn at the time of the fracas by the prosecuting witness was cut is excellent evidence to corroborate the oral testimony theretofore introduced by the State to the effect that the prosecuting witness had been cut. Such demonstrative evidence is clearly admissible.

When a fact is in issue and which may be explained by the production of an article or object to which testimony relates, then it is proper to bring such article or object into court and exhibit it to the jury. 20 Am.Jur. 601. If a person has been cut with a knife, which cut traversed the garments before penetrating the body, what clearer proof can be had than the slashed garment unless it be the cuts on the person of the witness. In fact the slashed garment, under certan circumstances, should be exhibited to the jurors in order that they may obtain a clearer view of the altercation and be better able to reach a sound conclusion. Such course often is more effective even than a description by the witness. Whether such evidence may tend to inflame the jury is a matter for the trial court to soundly consider. The admissibility of such evidence is therefore left to the sound discretion of the trial court.

"The admission of objects is largely a matter for the discretion of the court." 20 Am.Jur. 601 (Evidence, § 717.)

Clothing, when properly identified, may be introduced in evidence as supplementing the oral testimony of witnesses.

"Clothing of the accused or of the victim of a crime may be exhibited." 20 Am.Jur. 602, cases cited.

We find no merit in the first assignment of error. State v. Romero, 24 N.M. 351, 171 P. 787; and State v. Solis, 38 N.M. 538, 37 P.2d 539.

■■ We find no merit in the second assignment of error. The appellant contends that there is not substantial evidence to support the verdict of the jury. The record shows that there is substantial evidence to support the jury's verdict. Our conclusion is reached even as against the appellant's claim that the jury came to an unreasonable conclusion in its verdict or that the evidence was not plausible. Our conclusion is also reached against the appellant's claim that the jury should have believed his theory of self-defense. The jury found him guilty of the crime as charged. This verdict is supported by substantial evidence. The verdict will therefore not be disturbed.

For the reasons given, the judgment of the district court will be affirmed. It is so ordered.

BRICE, C. J., and SADLER, MABRY, and BICKLEY, JJ., concur.