[No. 624.   October 10, 1895.]

TERRITORY OF NEW MEXICO, APPELLEE, v.
BRIGIDA SISNEROS DE GUTMAN,
APPELLANT.

CRIMINAL LAW—CONFLICT OF TESTIMONY—VERDICT.—A verdict of con-
viction on conflicting testimony will not be disturbed on appeal.

ID.—LARCENY—INSTRUCTION.—An instruction that if a theft was com-
mitted, and the jury found the opportunity was such as to point to the
defendant as the sole perpetrator, or as the perpetrator with others
with whom she acted in concert, they might find her guilty, was a
proper instruction.

ID.—INSTRUCTION.—An instruction asked covered by instructions previ-
ously given, was properly refused.

ID.—CONSPIRACY—EVIDENCE.—Complicity in crime may be shown by evidence other than that which is direct and positive.

ID.—WITNESS—TESTIMONY OF CHILD TEN YEARS OF AGE—WEIGHT OF TESTIMONY—JURY QUESTION.—The admission of the testimony of a child ten years of age was not an abuse of judicial discretion, where it was disclosed upon examination on the voir dire that the child was technically qualified; and the weight of his testimony was a question for the jury.

ID.—WITNESS—ADMISSIBILITY OF TESTIMONY OF ACCUSED AS AFFECTING CREDIBILITY.—A defendant offering to testify is subject to cross-examination the same as any other witness; and it was not improper to draw from such witness the fact that she had for some time sustained illicit relations with one to whom she was not married. The act, though tending to degrade her, was admissible as affecting her credibility.

APPEAL from a judgment of the Second Judicial District Court, Bernalillo County, convicting defendant of larceny.    Affirmed.

The facts are stated in the opinion of the court.

BERNARD S. RODEY for appellant.

Evidence of theft which is merely circumstantial in character, and showing only that defendant had opportunity to have committed the crime, unless the opportunity was sole and exclusive as to defendant, is quite as consistent with the innocence of the accused as with guilt, and does not overcome the legal presumption of innocence, to the benefit of which every person accused of crime is entitled.    Reveal v. State, 10 S. W. Rep. (Tex.) 759; Kaiser v. State, 53 N. W. Rep. (Neb.) 610; Walbridge v. State, 13 Id. (Neb.) 209; Bradshaw v. State, 22 Id. (Neb.) 361; People v. Lesser, 27 N. Y. Sup. 750; People v. Gillette, 28 Id. 101; State v. Bridges, 19 S. E. Rep. (N. C.) 607; Bishop v. State, 25 S. W. Rep. 25; State v. Payne, 34 Pac. Rep. 317; Wood v. State, 24 S. W. Rep. 99.

The admission of the testimony of a mere child, who admitted that his mother, the prosecutrix, told

him what to testify to, was an abuse of judicial discretion. Rapal. Law Wit., secs. 7, 69; 1 Greenlf. Ev., sec. 367.

The admission of evidence as to the private character of defendant by cross-examination, over her protest, when such evidence was not material, nor cross-examination at the time, her character not being in issue in that sense, was error. Martin v. State, 16 S. Rep. 82.

The court also erred in instructing as to a conspiracy when there was no evidence to sustain the same, and the instructions as a whole amounted to a comment on the weight of the evidence, where they stated that there was evidence tending to show the possession by the defendant of some of the stolen property. U. S. v. Candles, 65 Fed. Rep. 303.

JOHN P. VICTORY, solicitor general, for the territory.

The jury being the judges of the weight and credibility of the testimony, and the general verdict being supported by the evidence, a new trial will not be granted. Territory v. Webb, 2 N. M. 154; Territory v. O'Donnell, 4 Id. 212; Territory v. Hicks, 6 Id. at 609; Territory v. Trujillo, 7 Id. at 47.

The court properly ruled, after a preliminary examination touching his qualifications, that the child Juan Baca y Serna was a competent witness. Bish. Crim. Proc., sec. 1144.

The prosecution had a legal right to cross-examine appellant upon matters not relevant to the issue when the questions asked were intended to shake her credit by injuring her character. 7 Am. and Eng. Ency. Law, 109; Phil. on Ev., secs. 503, 504.

A portion of the money having been found on defendant, the jury had a right to infer, from accompany-

ing circumstances, that she stole the whole amount. Commonwealth v. Montgomery, 11 Metc. (Mass.) 534.

The contention of appellant that the court, of its own motion, improperly instructed the jury in stating the personal opinion of the court, is too general for consideration by this court; and it does not appear that such objection was made below as would justify an assignment of error thereon in this court. 4 N. M. 208.

Even if the instructions were open to the objection claimed, it is very doubtful if section 2055, Compiled Laws, 1884, applies to criminal cases. Territory v. Franklin, 2 N. M. 307; Territory v. Romine, 1 Id. 114; Territory v. Faulkner, 6 Id. 464; Territory v. Trujillo, 7 Id. 43.

All persons who counsel, aid, abet or advise a larceny are principals and equally guilty with those who actually commit the offense, and even though they be not actually present at the time the property is taken. Hogsett v. State, 40 Miss. 522; State v. Gaston, 73 N. C. 93; Com. v. Lucas, 84 Mass. 169; Taylor v. State, 5 Tex. App. 529; People v. McMurray, 4 Park. Crim. (N. Y.) 234; Watson v. State, 21 Tex. App. 598.

BANTZ, J.—The defendant was indicted, tried, and convicted in Bernalillo county for the larceny of certain money and other property; and, after unsuccessfully moving for a new trial and in arrest, she appealed to this court, assigned some fourteen grounds of error, but the main point contended for is that the evidence of itself and in itself is insufficient in law to warrant the conviction. We have carefully read and considered the evidence, and think it fully and sufficiently sustains the verdict. The jury passed upon the conflicting testimony, and determined CONFLICT of testimony: verdict. where the weight and credit lay. Their verdict can not be disturbed in such case on appeal. Territory

v. Webb, 2 N. M. 154; Territory v. Trujillo, 7 Id. 43.

The third instruction asked by defendant was properly refused by the court. If the only evidence of defendant's guilt had consisted in proof that defendant had the opportunity to commit the crime, then it may be true that the burden would be upon the prosecution to show that such opportunity was sole and exclusive. But there was evidence in this case tending to show that the defendant gave the prosecutrix, Mrs. Baca, drugged wine; that the defendant, her sister Adela, and one Aragon were afterward seen together, several times during the day, going in and out of Baca's house; that, when Mr. Baca came home, he found his wife lying on the bed insensible, defendant sitting on the bed by her side, and Aragon also in the room; that the key to the trunk from which the money and property were stolen was found where the defendant had been sitting; the defendant and Aragon then left the house together. Papers from the trunk lying on the floor attracted Baca's attention. The loss of the money from the trunk was discovered, and in an hour or two Baca found the defendant with Aragon at the house of a neighbor; the defendant then admitting having given the wine to Mrs. Baca, and that she had got $1.25 from her as a loan. This loan Mrs. Baca denied having made. Baca, a policeman, and the defendant went to Adela's house. The latter, upon being confronted, admitted that they had opened the trunk, when the defendant exclaimed to her: "What are you doing? Don't give yourself up. Let them accuse us. They can get nothing out of us." . A beaded belt, part of the missing property, was afterward recovered from Aragon, who has since disappeared. Adela was jointly indicted with the defendant, but defendant secured a severance. The defendant attempted to show that she was not at Baca's house from

9 o'clock A. M. until evening, but in this she was flatly contradicted by several witnesses. Her testimony as to the circumstances under which she claimed to have borrowed the money tended to show it to be false. Her attempt to show that Mrs. Baca was drunk from wine obtained later in the day was also opposed by other testimony. The saloon keeper who it was alleged sold the wine testified to only one sale; that was to Aragon, at about 7 A. M., before defendant visited Mrs. Baca, and not at 9 A. M., when she claimed Aragon got the wine the second time.

The third instruction to which we have alluded entirely ignored the main proposition upon which the LARCENY: instruction. prosecution relied; namely, that the defendant acted in concert with her sister and Aragon in the theft. But the court correctly instructed the jury in substance that if a theft was committed, and the opportunity was such as to point to the defendant as the sole perpetrator, or as the perpetrator with others with whom she acted in concert, then they might find her guilty.

The second instruction refused, as to reconciling INSTRUCTION. the testimony consistently with innocence, was covered in even stronger terms by the instruction given.

The objection to the charge of the court as to com- CONSPIRACY: evidence. plicity is not well taken. Concerted action between parties in the commission of a crime need not be shown by direct or positive testimony.

The alleged comment upon the evidence was not harmful and did not assume that the evidence established any fact, nor did it give undue prominence to any of the proof.

Permitting the child ten years old to testify was not an abuse of discretion. The record upon the voir dire discloses that he was technically qualified, and his

VOL. 8 N. M.—7

*TESTIMONY of child ten years of age: weight of testimony: jury question.* answers both then and afterward were unusually bright and intelligent. The weight of his testimony was for the jury. There is no precise age at which a child's evidence is absolutely excluded. At the age of fourteen and over there is a presumption of sufficient discretion and understanding until the contrary appears. Under that age there is no such presumption, but the inquiry is first made as to the degree of understanding possessed; and if it then appears that the child has sufficient natural intelligence, and understands the nature and effect of an oath, he is admitted to testify, whatever his age may be. 1 Greenl. Ev., sec. 367. Such an examination was made by the court below.

The defendant offered herself as a witness, and was therefore subject to cross-examination the same as any *ADMISSIBILITY of testimony of accused as affecting credibility.* other witness; and it was not improper to draw from her the fact that for nine years she had been cohabiting with one with whom she was not married. The act was recent and continuous during a long period of time, and, though tending to degrade her, was admissible as affecting her credibility. 1 Greenl. Ev., sec. 454, et seq. If the matter tended to criminate her, she might have declined to answer; but no such ground of objection was urged, even if such ground could be assigned by counsel instead of the witness herself. Id., sec. 451.

The assignment of error based upon the alleged variance as to ownership is not supported by the record. The court's instruction was sustained by the evidence, and followed the very terms as to ownership laid in the indictment. There was no error in the record, and the judgment is affirmed.

LAUGHLIN and HAMILTON, JJ., concur.