[No. 1302, August 23, 1910.]

TERRITORY OF NEW MEXICO, Appellee, v. REYNEL GARCIA, Appellant.

### SYLLABUS (BY THE COURT.)

1. The protection against needless humiliation through questions put in cross examination which courts should extend to witnesses testifying before them should not be carried so far as to exclude questions as to facts clearly affect-

ing the credibility of the testimony which the witness has given on the direct examination.

2. When conviction of a criminal offense is shown, in accordance with the provisions of Sec. 3025, C. L. 1897, to affect the credit of a witness, such conviction must stand as a fact not open to explanation by the witness.

Appeal from the District Court for Rio Arriba County before JOHN R. McFIE, Associate Justice. Reversed.

RENEHAN & DAVIES for Appellant.

Anything tending to show bias or prejudice on the part of the witness or anything which shows his friendship or enmity is a proper subject of inquiry. Blitz v. U. S., 153 U. S., L. ed. 727; Moore v. U. S., 150 U. S. 57, 37 L. ed. 996; Thiede v. Utah, 159 U. S. 518, 40 L. ed. 242; Goldsby v. U. S., 160 U. S. 70, 40 L. ed 343; Mexia v. Oliver, 148 U. S. 664, 37 L. ed. 602; Deery v. Cray, 5 Wall. 795; Gilmore v. Higley, 110 U. S. 47; Smith v. Shoemaker, 17 Wall. 630; Railroad Co. v. O'Brien, 119 U. S. 108; 1 Digest of U. S. Sup. Ct. Rep. 683, sec. 5035; Brann v. U. S., 168 U. S. 532, 42 L. ed. 568; Gregg v. Moss, 14 Wall. 564; Origet v. Heddin, 155 U. S. 228; Fidelity and Deposit Company v. Courtney, 186 U. S. 351; Shephard v. Railroad Co., 130 U. S. 426; 3 Enc. Ev., pp. 850-858; Santa Ana v. Harlin, 99 Calif. 538; Mayhew v. Taylor, 8 Gray, Mass., 172; Stark v. People, 5 Denio 106.

The fact of conviction is not conclusive impeachment but is rebuttable, in other words, the conviction may be explained. Sims v. Sims, 75 N. Y. 466; Smith v. State, 64 Md. 752; Read v. State, 66 Nebr. 184; Railroad Co. v. Runnells, 46 S. W. 394; Scott v. State, 47 S. W. 731; Wolkoff v. Teft, 12 N. Y. Sup. 464; Gertz v. R. R. Co., 137 Mass. 79; Railroad Co. v. McCleish, 115 Fed. 268; 7 Enc. Ev. 242; in re Noble, 124 Ill. 267; Winter v. Judkins, 106 Ala. 261; The People v. Shaver, 120 Calif. 354; Fairfield Packing Co. v. Fire Insurance Co., 44 Atl. 317;

Commonwealth v. Knapp, 9 Pick. 496, 511; Russell v. Coffin, 8 Pick. 143, 154; Rex v. Clark, 2 Stark, 241; Webb. v. State, 29 Ohio St. 351.

FRANK W. CLANCY, Attorney General, for Appellee.

There were two grounds upon which the exclusion of the questions by defendant's counsel was justifiable, first, because it was sought thereby to inject into the case a collateral issue which could not properly be tried, and, second, because the questions were of an insulting character, tending to humiliate and degrade the witness, and it was within the sound discretion of the court not to permit such examination. 2 Wigmore on Evidence, sec. 983; Turnpike Coal Co. v. Loomis, 32 N. Y. 132.

When the witness admitted the fact of his conviction of an infamous crime in the district court, he admitted, necessarily, the existence of a record of that fact. Such a record is conclusive as to everything appearing therein. 2 Wigmore on Evidence, secs. 980, 1116.

The opinion includes a statement of the essential facts.

### OPINION OF THE COURT.

ABBOTT, J.—The defendant, Reynel Garcia, was tried and convicted in the First Judicial District Court of Rio Arriba County of an assault with intent to murder his wife, Teresa Lobato de Garcia.

The errors assigned are all, with one unimportant exception, based on the exclusion of testimony against the objection of the defendant.

One class of excluded questions consists of those which. relate to the refusal of the trial court to allow defendant's counsel to ask Teresa Lobato de Garcia, on whom it was alleged the assault was committed, and her father, Jose Ignacio Lobato, witnesses for the Territory, on cross examination, whether at the place and just before the time when the shots were fired, by which it was claimed the assault was made, the defendant charged Lobato in the presence of his, the defendant's wife, with aiding and abetting her in living in adultery with his, the defendant's

brother in the absence of the defendant, and whether that did not lead to an attack on the defendant by Lobato, armed with a knife, the claim of the defendant being that in self defense against such an attack he fired shots at Lobato, that his wife rushed between them and was hit accidentally.

Neither witness had, in giving an account of the shooting on direct examination, testified to any talk or fact of the kind but each had given what purported to be a complete account of what was said and done at the time and place of the shooting.

An examination of the record makes it clear that the trial judge must have believed that the object of the question thus put was to divert the attention of the jury from the real issue in the case, which was whether the defendant assaulted his wife with intent to kill her, to the question whether she had been guilty of infidelity to him, that the evidence was calculated to mislead and prejudice the jury and was besides an invasion of the rights of the witnesses to be protected from insult under the guise of cross examination, which was not directed to material issues, and the record discloses reasonable ground for that belief.

The defendant was not claiming that he shot at his father-in-law because of his exasperation at the part he claimed the latter had played in the infidelity of his wife and he was denying that he shot at his wife at all, notwithstanding what he claimed to know of her infidelity.

It is urged in behalf of the Territory that the exclusion of such questions on cross examination was properly within the discretion of the trial court and to that effect the Attorney General cites 2 Wigmore on Evidence, Section 983, et seq. and cases there cited, especially Gt. W. Turnpike Co. v. Loomis, 32 N. Y. 132.

While we fully agree with the learned author that witnesses should be protected from insult and unnecessary humiliation through cross examination and that courts should not permit the attention of the jury to be diverted in that way from the real issues to immaterial matters,

we must hold that this principle should not be so extended as to prevent the admission of evidence tending to aid in arriving at the truth of the matter under inquiry, merely because it would be humiliating to a witness to give such evidence. Since Teresa Lobato de Garcia and her father testified on their direct examination to what was said and done at the time and place of the shooting they were open to cross examination as to whether other things were said and done there as a part of the transaction by the parties to it. 3 Wigmore on Ev., Sec. 1768 et seq. But whatever of error there was in excluding questions of this kind may be considered cured by the subsequent admission of the defendant's testimony covering the occurrence of the shooting and affirming the matter contained in the excluded questions. On rebuttal his wife and her father denied his testimony in that respect and were of course subject to cross examination on their denial. But in the course of his testimony the defendant said that shortly before the time of the shooting his wife told him she was then pregnant by another man. In rebuttal she denied having so told him. Defendant's counsel then asked her if it was not true that she was then so pregnant, but, on the objection of the district attorney, the question was excluded. One of he questions put to her on her original cross examination and excluded, although somewhat ambiguous, may fairly be held to make the same inquiry of her, that is whether she was, at the time of the shooting, pregnant by a man not her husband.

On that point she did not, at any stage of the case, testify. Yet, if she was then so pregnant the fact must have had a most important bearing on her feelings toward her husband and the credibility of her evidence against him.

She might naturally have wished him to be in the penitentiary and have been willing to color her testimony to that end.

The principle of exclusion at the discretion of the court, to which we have already referred, cannot be extended to the exclusion of evidence on a fact so vitally affecting the credit of the witness.

We do not understand Wigmore's argument to go that

far, and certainly some of the cases he cites in support of his view do not sustain a position so extreme. One of those cases is Territory v. Chaves, 8 N. M. 528, and we repeat here the quotation made in Wigmore from the opinion of Bants, J., in that case as well expressing what we understand to be the prevailing and correct view of that question:

"The extent to which cross-examination will be permitted is no doubt, in a large measure, in the discretion of the trial court; and it is difficult to draw the line as to where the legal discretion as to the admission or the exclusion of such testimony commences, and where it ends. The truth is the thing to be sought. Assaults upon a witness by cross-examination into collateral matters cannot be allowed to gratify the caprice or the displeasure of those against whom he testified; and intrusions into private affairs, which are calculated merely to wound the feelings, humiliate, or embarrass the witness, will not be permitted. * * * But clear distinction is to be taken between those matters against the witness, as tend to humiliate him or wound his feelings, and those matters, on the other hand, which are calculated, in an important and material respect, to influence the credit to be given to his testimony. As to the latter class, the witness cannot be shielded from disclosing his own character on cross-examination, and for this purpose he may be interrogated upon specific acts and transactions of his past life; and if they are not too remote in time, and clearly relate to the credit of the witness, in an important and material respect, it would be error to exclude them. How far justice may require such examinations to go, how much time should be spent upon them, what should be excluded for remoteness of time, and what for being trivial or unimportant, must depend in some measure upon the circumstances of each case; and these are questions addressed primarily to the discretion of the trial court; but the discretion should be liberally exercised."

Tla-Klo Yel Lee v. United States, in 167 U. S. 274, is a case directly in point on this question. See also 7 Enc. of Evidence, 170-173, and cases cited.

The only other allegation of error which requires

special mention is that a witness for the defense, Jose Ignacio Garcia, against whom a conviction of a criminal offense was shown, by his admission, for the purpose of affecting his credit as a witness, should have been allowed to explain the circumstances of the conviction.

To pursue that course in such a case would lead practically to a retrial of the case in which the conviction was had since if the defendant is allowed to explain the prosecution should have the right to give a counter explanation. The defendant had his day in court and was convicted. That must be taken as a settled fact and as much can be introduced in evidence under our statute, Sec. 3025, C. L. 1897; Com. v. Gallagan, 155 Mass. 56, and cases cited; L. v. Railroad, 169 Mass. 340, and cases cited.

The judgment of the trial court is reversed and the cause remanded.