[No. 3476. Jan. 23, 1930.]

STATE v. CRUZ.

[285 Pac. 500.]

H. E. Blattman, of East Las Vegas, for appellant.

M. A. Otero, Jr., Atty. Gen., and E. C. Warfel, Asst. Atty. Gen., for the State.

OPINION OF THE COURT

SIMMS, J.

The appellant was convicted of rape.

■ He assigns as error the refusal of the trial court to permit him to ask the prosecutrix, a woman twenty-six years old, who had never been married, whether or not she had given birth to a child some time before the alleged crime. This question was designed to affect her credibility by showing, if she admitted it, that she had previously been guilty of immoral conduct. We have repeatedly held that the right to impeach, on cross-examination, by proof of specific acts of misconduct, exists and should not be denied. Territory v. De Gutman, 8 N. M. 92, 42 P. 68; Territory v. Chavez, 8 N. M. 528, 45 P. 1107; Borrego v. Territory, 8 N. M. 446, 46 P. 349; Territory v. Garcia, 15 N. M. 538, 110 P. 838; State v. Perkins, 21 N. M. 144, 153 P. 258; State v. Bailey, 27 N. M. 154, 198 P. 529; State v. Clevenger, 27 N. M. 468, 202 P. 687.

The question here is not one involving the limits to which such cross-examination might go; that being in the sound discretion of the trial court. But to refuse to permit the examination on this point at all was reversible error.

■ The Attorney General contends that, in view of our statute (section 2180, Code 1915), we should overrule the foregoing cases, all of which seem to have been decided since the statute was adopted in 1880. The section, in so far as material, reads:

"The credit of a witness may be impeached by general evidence of bad moral character not restricted to his reputation for truth and veracity. * * * "

The evident purpose of the statute was to broaden, not limit, the common-law practice as to impeachment of witnesses. And we have so held. State v. Hite, 24 N. M. 27, 172 P. 419. We see no reason to doubt the soundness of the rule enunciated in the cases criticised or to depart from it.

Next appellant complains of the refusal of the court to permit him to ask prosecutrix whether or not on a certain occasion, a few days before the alleged crime, she told a designated woman that she (prosecutrix) had missed her menstrual period and was several days past it and was worried about it. This question was designed to show that the prosecutrix had a reason or motive for desiring to shield herself by claiming that her condition was due to a criminal act perpetrated by defendant instead of an illicit relation with another. The question was proper and should have been answered. It had a direct bearing on her credibility, which the defendant's counsel was seeking to impeach. Underhill's Criminal Evidence (3d Ed.) par. 355. See, also, Territory v. Garcia, 15 N. M. 542, 110 P. 838.

For the errors mentioned, the judgment should be reversed, and the cause remanded for a new trial, and it is so ordered.

BICKLEY, C. J., and CATRON, J., concur.

WATSON and PARKER, JJ., did not participate.