255 P.2d 987

**STATE v. MARTINEZ.**

No. 5589.

Supreme Court of New Mexico.

April 7, 1953.

Reynolds & Noble, Taos, H. A. Kiker, Santa Fe, for appellant.

Richard H. Robinson, Atty. Gen., C. C. McCulloh and Fred M. Standley, Asst. Atty. Gen., for appellee.

COMPTON, Justice.

An information containing two counts was filed in the District Court of Taos County against appellant charging; first, the unlawful entry of the premises of Filomena M. Romero without her consent while wearing a mask upon his face so as to conceal his identity; and second, while so

masked the commission of an assault upon Samuel Romero. A jury found him guilty on both counts and from a judgment imposing sentence, he appeals.

On the night of April 12, 1951, appellant and another party, identified by Filomena M. Romero as Eli Muniz, while masked, crashed a window in the residence of Filomena M. Romero through which they entered her residence. They were both armed with deadly weapons. Occupants of the residence were Filomena M. Romero; her granddaughter, a baby by the name of Nell or Naomi Romero; and Samuel Romero, a grandson of the age of fifteen years. Samuel Romero was asleep at the time and the grandmother was lying on another bed trying to get the baby to sleep. After forcing his way into her house, appellant immediately went to the bed where Samuel Romero was sleeping and hit him on the head with a rifle. The force of the blow broke the rifle in two. At the same time the other party assaulted Filomena M. Romero. She received a blow on the head from a pistol, also a gunshot wound in the abdomen. The assailants then left and Mrs. Romero, by the aid of the grandson, went to the home of a neighbor and reported the incident.

■ The mother of the grandchild Nell Romero is Bernarda Romero, and at the trial Filomena M. Romero was asked the question, "whose baby was that" and appellant objected to the question as immaterial.

She was asked the further question, "was she (meaning Bernarda Romero) and Eli Muniz pretty well acquainted" and a like objection was made. While Samuel Romero was testifying, he was asked, "what is the baby's last name" and again the same objection was made. The mere asking of these questions is assigned as error. We do not appreciate the force of this contention. The questions were not answered nor was a ruling of the court invoked. Consequently, there is nothing to review.

■■ Eli Muniz was called as a witness for the defense and upon cross-examination was asked if he had not previously lived with Bernarda Romero in the Filomena M. Romero home and if he were not the father of the baby, Nell Romero. The question was objected to as immaterial, prejudicial, and highly inflammatory. We fail to sense error. In response to the question, he admitted that he had previously lived with Bernarda Romero and possibly was the father of the baby. This evidence was admissible as a matter of impeachment and the jury was entitled to weigh his testimony in the light of such admission. The credit of a witness may be impeached by showing bad moral character. 20-204, N.M.Sts.1941 Comp., and for this purpose he may be asked concerning specific acts of misconduct committed by him. Territory v. DeGutman, 8 N.M. 92, 42 P. 68; Territory v. Garcia, 15

N.M. 538, 110 P. 838; State v. Cruz, 34 N. M. 507, 285 P. 500.

The judgment should be affirmed, and it is so ordered.

SADLER, C. J., and McGHEE, COORS and LUJAN, JJ., concur.