272 P.2d 686

**STATE v. MOULTRIE.**

No. 5753.

Supreme Court of New Mexico.

May 21, 1954.

Rehearing Denied July 16, 1954.

ness Adams at the Fuller Saloon in Vado, Dona Ana County, on Labor Day, 1951. Adams and another party were sitting in an automobile near the saloon when appellant approached him. They had been long time acquaintances and appellant asked Adams if he might ride home with him and Adams assented. Shortly thereafter a difficulty arose between them, resulting in a combat in which Adams received multiple knife wounds.

■ As usual there is a sharp conflict in the evidence. Appellant strongly argues that Adams first assaulted him with a knife and that he acted in self-defense. It is clear the jury disbelieved him or else it would have acquitted him of the charge. On the other hand, Adams testified that appellant assaulted him with a knife, and that he received knife wounds is not questioned. This evidence affords substantial support for the verdict.

W. A. Sutherland, Las Cruces, for appellant.

Richard H. Robinson, Atty. Gen., Wm. J. Torrington, Fred M. Standley, Asst. Attys. Gen., for appellee.

COMPTON, Justice.

Appellant was convicted by a jury of Dona Ana County of the crime of assault with a deadly weapon and sentenced to serve a term in the penitentiary. From the judgment and sentence he appeals. The insufficiency of the evidence to sustain the verdict of the jury and refusal of the court to withdraw from the consideration of the jury references to unrelated crimes and offenses to which objections had been sustained, are the asserted grounds for the appeal.

The incident grew out of an altercation between appellant and the prosecuting wit-

Appellant next argues the court erred in not withdrawing from the jury evidence relating to other crimes and offenses. Appellant testified in his own behalf, and upon direct examination, testified as follows:

"Q. Have you ever been in trouble before? A. No, sir.

"Q. You have never been in court before? A. No, sir, this is the first time."

On cross-examination and over appellant's objection, the state attempted to show he had been in court previously on a larceny charge and questioned him as to his complicity with another party in the larceny of a motor, which he denied. He was then asked if he had not made a written statement to that effect. He admitted that he had and claimed that it was done under duress. The statement was offered in evidence but the court sustained an objection to its admission. Appellant then moved to withdraw from the jury all reference to the larceny of the motor, the refusal of which is assigned as error.

■ We fail to sense any error. Whether the witness had stolen a motor, signed a written statement to that effect and had been brought into court charged therewith, was a proper subject of inquiry for impeachment purposes, after appellant had opened the door for the contradiction of such evidence. Walder v. United States, 1954, 347 U.S. 62, 74 S.Ct. 354, 98 L.Ed. ——. Of his own accord appellant went beyond a mere denial of the crime of which he was charged. He was not satisfied to limit the issue as to whether he had theretofore been convicted of a felony or a misdemeanor but made the sweeping claim that he had never been in trouble of any kind previously. Clearly, he had full opportunity to deny the charge then pending without throwing open the subject of his good name, thereby giving leave to the state to introduce rebuttal evidence not otherwise available to it. Obviously, he wanted to impress the jury of his excellent character. By so doing, his credibility as a witness was thrown open to attack.

In Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 220, 93 L.Ed. 168, the court in considering a similar contention, said:

"The price a defendant must pay for attempting to prove his good name is to throw open the entire subject which the law has kept closed for his benefit and to make himself vulnerable where the law otherwise shields him."

The recent opinion by Mr. Justice Frankfurter, in Walder v. United States, supra [347 U.S. 62, 74 S.Ct. 356], announces an accused constitutional rights in the following language:

" * * * Of course, the Constitution guarantees a defendant the fullest opportunity to meet the accusation against him. He must be free to deny all the elements of the case against him without thereby giving leave to the Government to introduce by way of rebuttal evidence illegally secured by it, and therefore not available for its case in chief. Beyond that, however, there is hardly justification for letting the defendant affirmatively resort to

perjurious testimony in reliance on the Government's disability to challenge his credibility."

Notwithstanding what has been said, the credibility of a witness may be impeached by extracting from him on cross-examination admission of specific acts of misconduct or wrongdoing if admissions can be secured in such manner.

In State v. Holden, 45 N.M. 147, 113 P.2d 171, 178, we said:

"The case of State v. Solis, 38 N.M. 538, 37 P.2d 539, is cited and relied upon by the Attorney General in support of the trial court's ruling. The authorities cited in the Solis case, State v. Perkins, 21 N.M. 135, 153 P. 258, and others decided later by this court, abundantly sustain the right to impeach the character of a witness, even though such witness be the accused himself, by extracting from him on cross-examination admissions of specific acts of misconduct or wrongdoing if such admissions can be thus secured. The purpose of such admissions, of course, is to affect the credibility of the witness. * * *"

The judgment will be affirmed, and it is so ordered.

McGHEE, C. J., and SADLER, LUJAN and SEYMOUR, JJ., concur.