334 P.2d 706

Mary MONDRAGON, Plaintiff-Appellee,

v.

Everett MACKEY, Defendant-Appellant.

No. 6458.

Supreme Court of New Mexico.

Dec. 31, 1958.

Rehearing Denied Feb. 6, 1959.

Robert A. Morrow, Raton, for appellant.

H. E. Blattman, Las Vegas, for appellee.

COMPTON, Justice.

Appellee brought this action to determine the paternity of her child born November 22, 1955.

At a hearing on the merits, the trial court found that the parties had engaged in sexual intercourse at various times, beginning the latter part of January, 1955, and winding up about the middle of July, 1955. The court then concluded that appellant was the putative father. Judgment was entered accordingly, and appellant appeals.

The sufficiency of the evidence to sustain the finding is the main point relied on for reversal. Appellee testified that she first had sexual intercourse with appellant about the middle of February, 1955, that such relations continued at least weekly until July 15, 1955, and that appellant was the father of the child. We think this evidence is substantial. True, appellant produced evidence tending to show that he was not the father of the child. While such evidence is sufficient to create doubt as to the paternity of the child, it was the function of the trier of the facts to pass upon the credibility of the witnesses and weigh the evidence. It is not the province of this court to reappraise the evidence, resolve conflicts, or draw inferences contrary to those drawn by the trial court.

Another point urged is that the court erred in not compelling one of appellee's witnesses to answer questions propounded to her. On direct examination the witness had testified that the parties visited her home together on the night of February 18, 1955; and further, that on the night of May 5, 1955, she had seen them together at the depot where appellant was employed. On cross-examination, the witness was asked if she was not then living with a man, not her husband. The witness declined to answer, and the refusal of the court to compel her to do so, forms the basis of this point.

The credibility of a witness may be impeached by general evidence of bad moral character and bad moral character may be established by admission of specific acts of misconduct, State v. Martinez, 57 N.M. 158, 255 P.2d 987, but on the record before us, appellant could not have been prejudiced by the ruling of the court. He frankly admits having accompanied appellee from her place of employment to her home on several occasions after January 1955. Admittedly, she was at his home on the night of August 15, 1955. Further, he admitted being with her on February 14, 1955, and that at that time gave her $100.00. Consequently, appellant sought to impeach the witness on an immaterial matter.

Further contention is made that the judgment is without support. The basis of this contention is that the court did not specifically find that appellant was the father of the child. We note that such finding does not appear among the findings made, however, the finding is set forth as a conclusion. The court concluded "that defendant, Everett Mackey, is the putative father of the child born to plaintiff on the 22nd day of November, 1955." Obviously, this is a finding of fact. State v. Martinez, supra. It is well settled that judgments are not to be disturbed by the occasional intermixture of matters of fact and conclusions of law, in the absence of a showing of prejudice, Heisel v. York, 46 N.M. 210, 125 P.2d 717; La Luz Community Ditch Co. v. Town of

Alamogordo, 34 N.M. 127, 279 P. 72, and no prejudice is shown in this instance.

Other questions, the refusal to make favorable findings and conclusions, etc., have been considered and they are found to be without merit.

We find the record free of error. The judgment should be affirmed, and it is so ordered.

LUJAN, C. J., McGHEE and SHILLINGLAW, JJ., and DAVID W. CARMODY, District Judge, concur.