415 P.2d 59

**Selez MARTINEZ as next friend of Frank Martinez, a minor, Plaintiff-Appellant,**

**v.**

**David A. AVILA, d/b/a West Side Drug Store, Defendant-Appellee.**

**No. 7637.**

Supreme Court of New Mexico.

June 6, 1966.

Bingham & Klecan, Albuquerque, for appellant.

Richard C. Civerolo, C. LeRoy Hansen, Albuquerque, for appellee.

## OPINION

CARMODY, Chief Justice.

This is an appeal by the plaintiff from the judgment entered based upon a jury verdict in favor of the defendant. Suit was brought by Selez Martinez, as next friend of Frank Martinez, against David Avila, doing business as West Side Drug Store, for damages resulting from the claimed negligent sale of a box of .22-caliber cartridges to Frank Martinez. Young Martinez, who was twelve at the time, and another minor, Johnny Lucero, after obtaining the shells, took turns firing a .22-caliber pistol, then got in a fight over the possession of the gun and Martinez was wounded.

The plaintiff claims error in the action of the trial court in admitting the juvenile court records of Bernalillo County as to both Frank Martinez and Johnny Lucero. The trial court permitted the introduction of the records on the single theory that it was a proper method of impeachment of the credibility of a witness under the provisions of § 20–2–4, N.M.S.A. 1953. The records were introduced following some of the cross-examination of the two boys, but in neither case had the witness been asked with respect to specific acts of misconduct. Thus, even if it were

not for what is said hereafter, the trial court erred in allowing the records in evidence.

▮ We have many times held that, under § 20–2–4, supra, the bad moral character of a witness may be shown for the purpose of attacking his credibility by eliciting from the witness specific acts of misconduct, Mondragon v. Mackey, 1959, 65 N.M. 175, 334 P.2d 706; State v. Moultrie, 1954, 58 N.M. 486, 272 P.2d 686; State v. Martinez, 1953, 57 N.M. 158, 255 P.2d 987, but the answer of the witness is conclusive of the matter under inquiry, Mead v. O'Connor, 1959, 66 N.M. 170, 344 P.2d 478; State v. Clevenger, 1921, 27 N.M. 466, 202 P. 687; State v. Perkins, 1915, 21 N.M. 135, 153 P. 258.

▮ The rule in New Mexico was well stated in State v. Clevenger, supra, as follows:

"* * * It is the settled law in this jurisdiction that a witness may be interrogated upon cross-examination concerning specific acts of moral misconduct and specific acts of wrongdoing of such witness to affect the credibility of such witness and the weight to be given to his or her testimony, but it is equally well settled that the cross-examiner is bound by the answers given to such questions and cannot produce other and independent evidence with reference to such matters beyond that given by the assailed witness; otherwise, the number of collateral issues presented might become so numerous and so confuse the real issues as to prevent their due consideration and correct determination. * * *"

The above is the rule as to any witness, be he adult or juvenile.

▮ Entirely independent of the above, there is another reason why the trial court erred in allowing the juvenile court records in evidence. Section 13–8–65, N.M.S.A.1953 (Supp.1965), provides that no adjudication of the status of any juvenile shall be deemed a conviction of a crime, nor shall such adjudication operate to impose any of the civil disabilities ordinarily resulting from a criminal conviction. The parties seem to agree that no adjudication by the juvenile court is admissible under § 20–2–3, N.M.S.A.1953, which relates to the proof of a witness's conviction of a crime. With this we agree. Juvenile court adjudications are not criminal convictions, In re Santillanes, 1943, 47 N.M. 140, 138 P.2d 503. Nevertheless, in a case involving an adult who has been convicted of a crime, all that may be shown is the fact of the conviction and the name of the particular crime; beyond that the examination may not go. State v. Ocanas, 1956, 61 N.M. 484, 303 P.2d 390; State v. Conwell, 1932, 36 N.M. 253, 13 P.2d 554; State v. Roybal, 1928, 33 N.M. 540, 273 P. 919. To allow the juvenile records to be

introduced in evidence would, in a sense, negate the entire theory of the juvenile court act. It would hardly seem to be in the spirit of the act that less protection should be afforded a juvenile on the witness stand with regard to his past record than is given a witness who has actually been convicted of a crime. In view of the law's special concern for children, particularly as reflected in § 13–8–65, supra, and in accordance with our opinion in In re Santillanes, supra, we believe it is improper to permit the probing into the juvenile record as occurred in this case. Counsel have cited no civil case, nor have we found any, which has permitted the introduction of a juvenile record in any subsequent proceeding. As a matter of fact, the almost unanimous rule in all types of proceedings is to refuse to allow a cross-examiner to delve into the juvenile hearing in any manner, subject only to the possible exception of criminal cases in which the question of chastity is made an issue. See annotation, 147 A.L.R. 446, and supplemental cases.

We would note, in passing, that the defendant contends that because § 13–8–66, N.M.S.A.1953 (Supp.1965), makes the records of the juvenile court public records, they should have been allowed in evidence. The only authority cited on this proposition is Miller v. Smith, 1955, 59 N.M. 235, 282 P.2d 715. However, the above case merely holds that the records of the district court may be brought before the court as evidence *when legally admissible.* Here, even though the records are public records by law, they were not legally admissible.

In the present case, it was proper for the defense, if it did, to elicit from the witnesses Martinez and Lucero specific acts of misconduct, in order to impeach their credibility by showing bad moral character; however, the introduction of other and independent evidence with reference to such matters beyond that given by the witness was error, State v. Clevenger, supra.

Other points are raised, but, in view of our disposition of the case, we either find them of no avail to the plaintiff, or of such character as will not occur in the event of a new trial. Therefore, we express no opinion on any of the other propositions submitted.

The case will be reversed with direction to set aside the judgment heretofore entered and grant the parties a new trial. It is so ordered.

NOBLE and COMPTON, JJ., concur.