464 P.2d 564

**STATE of New Mexico, Plaintiff-Appellee,**
**v.**
**Ronald E. HARGROVE, Defendant-Appellant.**
**No. 367.**

Court of Appeals of New Mexico.
Jan. 9, 1970.

**146**

Thomas J. Dunn, Albuquerque, for appellant.

James A. Maloney, Atty. Gen., Justin Reid, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

SPIESS, Chief Judge.

Defendant was charged by indictment with performing "an indecent demonstration or exposure in the presence of _____ (name withheld), a female under the age of sixteen (16) years." Section 40A–9–9, subd. B, N.M.S.A.1953. The cause was tried to a jury and defendant found guilty. This appeal is prosecuted from the judgment rendered upon the verdict. The evidence material to the charge was submitted only by the testimony of the prosecuting witness, and denied by the defendant.

We do not consider a statement of facts to be necessary for the reason that defendant's only contention here involves a claim of abuse of discretion on the part of the trial judge in the conduct of the trial with respect to the cross-examination of defendant which it is urged was so improper and prejudicial as to require a reversal.

For the purpose of attacking credibility, the prosecutor, on cross-examination, asked defendant a number of questions with respect to whether he had engaged in certain specified lewd and lascivious acts with his young daughter. When defendant denied such activity the prosecutor sought to challenge the denial. He questioned defendant as to whether he had admitted the particular acts and conduct in conversation with a named police officer and by this means suggested that defendant had falsely denied his guilt relating to the collateral matter. The prosecutor further inquired of defendant as to whether in conversation with the named police officer he had accused his wife of committing similar perverted acts upon one of their children.

The form of questioning included a description of the indecent act or acts. Although the accused heard and understood one of the questions asked, it was unnecessarily repeated by the prosecutor. In addition, the questions were in the form of assertions rather than interrogations. The matter not having stopped with the question and answer could well have resulted in a confusion of issues by the jury. Objections were interposed and overruled by the trial court and motions for mistrial were denied.

We are committed to the rule that the bad moral character of a witness, including the accused when a witness in his own behalf, may be shown for the purpose of attacking credibility through securing from the witness on cross-examination admissions of specific acts of misconduct. Martinez v. Avila, 76 N.M. 372, 415 P.2d 59 (1966); State v. Moultrie, 58 N.M. 486, 272 P.2d 686 (1954); State v. Martinez, 57 N.M. 158, 255 P.2d 987 (1953); State v. Holden, 45 N.M. 147, 113 P.2d 171 (1941); State v. Clevenger, 27 N.M. 466, 202 P. 687 (1921).

In State v. Clevenger, supra, after stating the rule the court said:

"* * * [I]t is equally well settled that the cross-examiner is bound by the answers given to such questions and cannot produce other and independent evidence with reference to such matters beyond that given by the assailed witness; * * *."

Although proof of a witness's misconduct is permissible for the purpose of attacking credibility, the extent of such showing is controllable through the exercise of judicial discretion. In State v. Holden, supra, the court said:

"* * * That the trial court is allowed a broad discretion in controlling the extent of such a cross-examination is shown by early territorial decisions as well as later ones since statehood. Territory v. De Gutman, 8 N.M. 92, 42 P. 68; Borrego v. Territory, 8 N.M. 446, 46 P. 349; Territory v. Chavez, 8 N.M. 528, 45 P. 1107; Territory v. Garcia, 15 N.M. 538, 110 P. 838; State v. Perkins, supra,

[21 N.M. 135, 153 P. 258]; State v. Bailey, 27 N.M. 145, 198 P. 529; State v. Clevenger, 27 N.M. 466, 202 P. 687; State v. Schultz, 34 N.M. 214, 279 P. 561, and State v. Cruz, 34 N.M. 507, 285 P. 500."

The exercise of judicial discretion under these circumstances is, of course, not reviewable. It is the alleged abuse which is the subject of our review. Defining together the terms "judicial discretion" and "abuse of judicial discretion," Bowers, Judicial Discretion of Trial Courts § 12 (1931) contains the following:

"The accepted understanding of the term does not necessarily, or very frequently, mean that any aspersions whatever are cast upon the trial court. Defining the two terms together, it may be said that judicial discretion is the option which the judge may exercise between the doing and the not doing of a thing, the doing of which can not be demanded as an absolute right of the party asking it to be done; and that an abuse of discretion is an erroneous conclusion and judgment, one that is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn from such facts and circumstances. While it may amount to an axiom to say that difference in judicial opinion is not synonymous with abuse of judicial discretion, it yet remains true that the latter signifies that a ruling or decision has been made that is clearly untenable. * * * It is really a discretion exercised to an end or purpose not justified by, and clearly against, reason and evidence."

■ Upon the authorities we have mentioned and within proper limits such cross-examination is not objectionable. A limit, however, must be placed upon the extent, range and form of questions. They clearly may not be so framed and repeated as to plant in the minds of the jury a distrust of the witness through inferences that he has falsely denied his guilt relating to collateral matters.

■ While denials are binding upon the cross-examiner and extraneous evidence is inadmissible to contradict such denials, Martinez v. Avila, supra; Mead v. O'Connor, 66 N.M. 170, 344 P.2d 478 (1959), the jury is not bound to accept the word of the witness. Hence, the prosecutor may not in fairness multiply the questions or so frame them as to amount to a charge of misconduct rather than an interrogation.

The discretion courts possess in controlling such questions should be exercised with due caution, having in mind that suggested acts of misconduct of the kind involved here may in the minds of the jury be treated as evidence of defendant's guilt of the crime charged. All reasonable care and the utmost good faith, must be exercised by the prosecutor, when questioning an accused, to the end that an accused is not unduly prejudiced by suggestions tending to prove his bad character. Compare State v. Arnwine, 67 N.J.Super. 483, 171 A.2d 124 (1961).

■ In our opinion, it was an abuse of discretion on the part of the trial court to permit the cross-examination to be conducted to the extent and in the manner disclosed by the record with the result that a fair trial was denied defendant.

It follows from what has been said that the conviction should be reversed and the cause remanded for a new trial.

It is so ordered.

OMAN and WOOD, JJ., concur.