509 P.2d 562

STATE of New Mexico, Plaintiff-Appellee,

v.

Bobbie Joe HAMILTON, Defendant-Appellant.

No. 1018.

Court of Appeals of New Mexico.

Jan. 12, 1973.

Certiorari Denied April 10, 1973.

Daniel J. Behles, Behles & Behles, Carlsbad, for defendant-appellant.

David L. Norvell, Atty. Gen., Santa Fe, Frank N. Chavez, Asst. Atty. Gen., for plaintiff-appellee.

OPINION

SUTIN, Judge.

Defendant was convicted of aggravated assault. Section 40A–3–2, N.M.S.A.1953 (2nd Repl.Vol. 6). He appeals.

We affirm.

*First,* defendant claims error that he was not tried, (1) within the time set by § 41–11–4.1, N.M.S.A.1953 (2nd Repl.Vol. 6, Supp.1971), repealed after defendant's trial by the Laws of 1972, ch. 71, § 18; (2) that § 41–11–4.1, supra, had priority over Rules of Civil Procedure, rule 95(1) [§ 21–1–1 (95)(1), N.M.S.A.1953 (Repl.Vol. 4)] by virtue of Article II, § 14 of the New Mexico Constitution which grants a person charged with crime "a speedy public trial by an impartial jury . . ."

The Supreme Court has already decided that § 41–11–4.1, supra, need not be considered because Rule 95 "covers the field." State ex rel. Delgado v. Stanley, 83 N.M. 626, 495 P.2d 1073 (1972).

Defendant was tried within six months from the time the information was

filed. He was not denied his constitutional right to a speedy trial. Rule 95(1), supra, provides in part:

. . . [T]he trial of all persons charged with the commission of a crime in the district courts of this state shall be commenced within six (6) months of the date of filing of the information or indictment.

Compare State v. Mascarenas, 84 N.M. 153, 500 P.2d 438 (Ct.App.1972).

*Second,* during the cross-examination of the prosecuting witness, she was asked this question:

Q. How close a relationship did you have with Mr. Hamilton, Mrs. Omey?

█ The trial court sustained an objection because the relationship had nothing to do with the case. Defendant wanted to impeach the credibility of this witness on the grounds of misconduct, a sexual relationship with defendant and her general reputation in the community, pursuant to § 20–2–4, N.M.S.A.1953 (Repl.Vol. 4).

The record shows that defendant was tried on the crime of an unlawful assault or strike at another with a gun. The prosecuting witness testified that defendant shot at her with a shot gun and hit the side of her car. The defendant admitted that he shot and hit the car with a shot gun. As far as the crime was concerned, there was nothing about the credibility of the witness to impeach.

█ The scope and extent of cross-examination rests largely within the sound discretion of the trial court. What the defendant sought from the prosecuting witness would not have impeached her prior testimony. Therefore, the trial court did not abuse its discretion. State v. Sanchez, 79 N.M. 701, 448 P.2d 807 (Ct.App.1968).

Affirmed.

It is so ordered.

LOPEZ, J., concurs.

HENDLEY, J., concurs in part and dissents in part.

HENDLEY, Judge (concurring in part and dissenting in part).

I dissent from that part of the majority opinion relating to cross-examination to prove bad moral character.

During the cross-examination of the state's witness, defendant's attorney attempted to question her with regard to specific acts of misconduct concerning her sexual relationship with defendant, who was not her husband. The trial court would not permit the question.

Section 20–2–4, N.M.S.A.1953 (Repl. Vol.1970) states in part:

" . . . The credit of a witness may be impeached by general evidence of bad moral character not restricted to his reputation for truth and veracity; . . . . "

While the extent to which a witness may be cross-examined rests largely in the sound discretion of the court (State v. Holden, 45 N.M. 147, 113 P.2d 171 (1941)), the bad moral character of a witness, including the accused when a witness in his own behalf, may be shown for the purpose of attacking credibility through securing from the witness on cross-examination admissions of specific acts of misconduct. See § 20–2–4, supra, as construed in Martinez v. Avila, 76 N.M. 372, 415 P.2d 59 (1966); State v. Perkins, 21 N.M. 135, 153 P. 258 (1915); State v. Hargrove, 81 N.M. 145, 464 P.2d 564 (Ct.App.1970); and, State v. Torres, 81 N.M. 521, 469 P.2d 166 (Ct.App.1970).

The question here is not one involving the limits to which such cross-examination might go; that being in the sound discretion of the trial court. The question is one of refusal to permit the questioning on a point which was designed to show the prosecutrix had a reason or motive to shield herself (State v. Cruz, 34 N.M. 507, 285 P. 500 (1930)) or which would have a most important bearing on her feelings to-

ward the defendant. As stated in Territory v. Garcia, 15 N.M. 538, 110 P. 838 (1910):

"She might naturally have wished him to be in the penitentiary and have been willing to color her testimony to that end."

The fact the witness may be embarrassed is not material. The ascertaining of the truth is the goal to be achieved. Cross-examination as to proof of bad moral character is one of the methods made available by statute to achieve that end.