527 P.2d 502

**EMPIRE FIRE & MARINE INSURANCE COMPANY, a corporation, Plaintiff-Appellee,**

v.

**George Washington LEE, Defendant-Appellant.**

**No. 1328.**

Court of Appeals of New Mexico.

Oct. 9, 1974.

Dan B. Buzzard, Clovis, for defendant-appellant.

Lynell G. Skarda, Clovis, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Plaintiff's insured and defendant were involved in a truck-pickup collision in Roosevelt County, New Mexico. Plaintiff, a Nebraska Corporation licensed to do business in New Mexico, filed suit in Curry County, New Mexico (compare Torres v. Gamble, 75 N.M. 741, 410 P.2d 959 (1966) ), pursuant to § 21–5–1(A), N.M.S. A.1953 (Repl.Vol.1970) which states in part:

> " * * * All civil actions commenced in the district courts shall be brought and shall be commenced in * * *
>
> " * * * any county in which the defendant or either of them may be *found* in the judicial district where the defendant resides." (emphasis added)

Both counties are within the same judicial district. Section 16–3–1(I), N.M.S.A.1953 (Repl. Vol. 1970).

The parties stipulated that the summons was left with the Curry County Sheriff; that the Sheriff then telephoned the defendant at his home in Roosevelt County and informed him " * * * that he had papers to serve upon him and would he come over and get them * * *", and that they " ' * * * had to be served on defendant personally * * *' "; that two or three days later defendant came to the Curry County Sheriff's Office and was served with the "papers."

Defendant's motion to quash service was denied after a hearing. The trial court in denying defendant's motion stated:

> " . . . Here he did tell the defendant that he had some papers to serve on him and they had to be served personally. This put the defendant, whom the parties have agreed, is a mature person, a rancher of some experience, on notice that he was probably going to be sued or had been sued. I think that this put him on some inquiry. He might well have had his attorney look into the matter before he come up here and voluntarily accepted service. Some people pride themselves on doing this sort of thing, that is, coming in rather than making the Sheriff going to the trouble of going out to arrest him or serve papers on him, whatever the case may be and our Sheriff frequently tranacts [sic] business in that manner when you might think that he might be taking a risk that the person might go the other direction, even though they may know that they are going to be thrown in jail when they came in or be required to post bond. It's sort of a loose way of doing business, but I can't see the basis of the record before me here that the Sheriff participated in any fraud. He was simply taking the easy way to get papers served, it seems to me rather than lie in wait for Mr. Lee days or weeks on end. He simply asked him to come in and let the papers be served on him. I don't think that this is abuse of process. I might observe, also, it's not really paramount . . . in one sense, the plaintiff hasn't suffered any undue advantage here. It's not 'home-towning' the defendant. It's only secured perhaps in more neutral form which is perhaps desirable. Maybe it's less convenient to the parties, but there has been no showing here of any great inconvenience to the defendant resulting from him being sued in this county instead of an adjoining county. No situation exists such as if he was being sued in Farmington or say Aztec, or some other distant portion of the state."

The New Mexico official road map lists the county seats of Curry and Roosevelt Counties as being nineteen miles apart.

Subsequently, the jury returned a verdict for plaintiff. Defendant appeals asserting three grounds for reversal, namely: (1) failure to grant defendant's motion to quash service; (2) refusal to allow impeachment testimony; and, (3) allowing plaintiff to present rebuttal evidence when defendant rested without presentation of evidence.

We affirm.

*Motion to Quash*

Defendant asserts that the motion to quash service of process should have been granted " * * * because of the deviousness, misrepresentation, and trickery used to obtain it. * * * " He relies primarily on the cases annotated in 98 A.L.R.2d 551 (1964). A review of those cases does not support defendant's position. Those cases relate to situations where the person was actually lured into the jurisdiction by some scheme of fraud, misrepresentation, or trickery.

Defendant may properly be said to be "found" when served only if he is there voluntarily and not by reason of plaintiff's fraud, artifice or trick for the purpose of obtaining service. Shields v. Shields, 115 Mont. 146, 139 P.2d 528 (1943). Here defendant knew he was to be served with "papers." That was the reason given by the Sheriff when he asked defendant to come in and be personally served. Defendant was voluntarily in Curry County.

Defendant's motion to quash was properly denied.

*Refusal to Allow Impeachment Testimony*

During cross-examination of the driver of the truck defendant asked him if he had told a Mr. Cochran, at the scene of the accident, that he was worried about losing his job because he had had a previous accident in California or Arizona. This was denied by the driver.

Defendant's sole witness was Mr. Cochran. Defendant made a tender of proof, out of the presence of the jury, and Mr. Cochran stated that the truck driver told him " * * * he had a previous accident I believe he said in Arizona. * * * " Defendant stated this was offered for impeachment purposes. The trial court ruled the testimony inadmissible. We agree.

The credibility of a witness may be impeached. However, the answer of the witness is conclusive of the matter under inquiry. Martinez v. Avila, 76 N.M. 372, 415 P.2d 59 (1966); Mead v. O'Conner, 66 N.M. 170, 344 P.2d 478 (1959). Here the witness denied having had a prior accident. This was conclusive of the inquiry. Any such statement, if made, would not be relevant to any issue in the case.

*Rebuttal Evidence*

Plaintiff's expert witness on accident reconstruction was allowed, over defendant's objection, to remain in the courtroom so that he could " * * * give his opinion based upon the evidence. * * * "

Defendant stated at the beginning of the trial he would call four specific witnesses. However, defendant only called one witness whose testimony was ruled inadmissible, defendant then rested. Plaintiff then called its expert witness. Defendant objected on the ground that there was " * * * no rebuttal on which the witness can operate. * * * " The trial court overruled the objection on the grounds that "[a]n expert cannot adequately or properly testify until the defense has been put on. * * * "

The order of proof is addressed to the sound discretion of the trial court. El Paso Electric Company v. Landers, 82 N.M. 265, 479 P.2d 769 (1970). Absent an abuse of discretion we will not reverse. A review of the record fails to show an abuse of discretion. Accord Advisory Committee Note to Rule 703 of Proposed Rules of Evidence for United States Courts and Magistrates.

Affirmed.

It is so ordered.

SUTIN and HERNANDEZ, JJ., concur.