**GROSS v. WILLIAMS et al. (COMMERCIAL STANDARD INS. CO., Intervener).**

**No. 12981.**

Circuit Court of Appeals, Eighth Circuit.

April 26, 1945.

William H. Tombrink, of St. Louis, Mo. (Bert E. Strubinger, H. P. Tudor, and Strubinger, Tudor & Tombrink, all of St. Louis, Mo., and Harrell Harper, of Ft. Smith, Ark., on the brief), for appellant.

Bruce H. Shaw, of Ft. Smith, Ark. (G. C. Hardin and J. Clib Barton, both of Ft. Smith, Ark., on the brief), for appellees Albert Williams and Johnnie Faulkner.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

The appellant, Gross, appeals from judgments against him in an action for damages growing out of a collision between his car and another, which occurred in Fort Smith, Arkansas, on August 12, 1943. In the District Court the appellees, Williams and Faulkner, obtained judgments against Gross for personal injuries sustained by them, and a judgment in their favor on the cross-complaint of Gross for damages to his automobile; and the Yellow Cab Transit Company obtained a judgment in its favor on the third party complaint of Gross, also for damages to his car. The grounds on which reversal of the judgments is sought are (1) error of the court in refusing appellant's requested instructions on the issue of appellees' contributory negligence and in the charge given by the court on the same question, (2) error in denying appellant's motion

for a stay of the action based on the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A.Appendix § 501 et seq., and (3) error in the denial of appellant's motion for a continuance because of the absence of witnesses.

The appellant is a sergeant in the Army of the United States. At the time of the trial appellant was on duty at Camp Campbell, Kentucky. At the time of the accident out of which this litigation arose, the appellant, then stationed at Camp Chaffee, near Fort Smith, Arkansas, was driving his car in Fort Smith, accompanied by a Miss Boatright and William Green, also a sergeant in the Army at Camp Chaffee. The appellees, Faulkner and Williams, were employees of the Yellow Cab Transit Company, a corporation operating taxicabs in Fort Smith. Faulkner, accompanied by appellee, Williams, and a Mrs. Martin, was driving the taxicab which collided with appellant's car. Faulkner and Williams sustained serious personal injuries, and both cars involved in the collision were damaged.

Faulkner and Williams brought suit in the State court on September 21, 1943, while appellant was still at Camp Chaffee. On October 13, 1943, the action was removed to the Federal District Court on the ground of diversity of citizenship. The motion to stay proceedings under the provisions of section 201 of the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A.Appendix § 521, was filed by appellant on the 30th day of November, 1943. At the same time, appellant filed his answer, a counterclaim for recovery of damages to his car, and the third party complaint seeking a judgment against the Yellow Cab Transit Company for damages to his car.

No action was taken on the motion to stay proceedings until January 7, 1944. The court passed the motion for further hearing, which was had on April 10, 1944, when the motion for the stay was denied, and the case set for trial on May 9, 1944. In his motion for a stay of proceedings the appellant set up the facts concerning his military service; alleged that at the time of the motion he was on duty at some point that could not be revealed, but which was not in close proximity to the court; and asserted that because of his military service he would be unable to appear at the trial of the action at any time during his military service. He alleged that by rea-

son of these facts he was prevented from making the necessary preparation for the trial of the action, from properly conducting his defense and prosecuting his counterclaim and the third party claim. He asked that the action be stayed during the period of his military service. In his deposition, taken by consent at Camp Campbell on the 28th day of March, 1944, appellant gave his version of the cause of the accident, and stated that leave of absence to attend the trial had been refused by his Company Commander.

In denying appellant's motion for a stay, the court found that appellant "is a member of the armed forces of the United States * * * at Camp Campbell, Kentucky, and that he is now unable to be present and in all probability will not be present at the trial of this cause because of his services in the said armed forces;" that the two persons riding in appellant's automobile at the time of the accident "are or may be available as witnesses at the trial by the exercise of diligence" on the part of appellant's attorney; that the appellant "has testified fully and frankly by deposition now on file"; and that the ability of appellant "to conduct his defense is not now and will not be materially affected by reason of his military service." The court continued to say in the order denying the motion that the attorneys for appellees had agreed to amend the complaint against appellant by reducing the claims for damages to a sum equal to the maximum liability stated in the indemnity policy of insurance held by the appellant at the time of the accident.

Appellant's motion for a continuance because of the absence of witnesses was filed at the time the action was called for trial. In this motion, supported by affidavit of appellant's counsel, it was alleged that diligent efforts to locate William Green, the Army sergeant in appellant's car at the time of the accident, had been unsuccessful; that Miss Boatright, the other passenger, had recently been located in California, but that appellant had been unable to get her deposition in time for the trial; that, if given additional time, the presence of these witnesses could be secured or their depositions taken; and that, if present, they would testify that appellee, Faulkner, was driving the taxicab involved in the collision at a speed of about 50 miles an hour and on the wrong side of the street.

■ There is no merit in appellant's assignment of error concerning the instructions given and refused by the court. The court adequately charged the jury on the issue of contributory negligence. It was not error, therefore, to refuse appellant's requested instructions on the same issue. The trial court was not required to charge the jury in the particular language requested by appellant. Stolte et al. v. Larkin, 8 Cir., 110 F.2d 226, 230; Chicago, St. P., M. & O. R. Co. v. Muldowney, 8 Cir., 130 F.2d 971, 977.

■■ Nor did the court err in denying the motion for a continuance made on the day of the trial of the action. More than a month before the day of the trial, appellant had been advised by the order of the court denying his motion for a stay of the proceedings of the necessity of prompt action to obtain the testimony of the absent witnesses if material to appellant's defense. No showing was made of any effort whatever on the part of appellant's counsel to obtain their testimony. The apparent failure of appellant to take any steps to procure the testimony of these witnesses justifies the inference that their testimony would have added little, if any, benefit to appellant's case. The granting of the continuance was within the discretion of the trial court, and, on the record here, not reviewable by this court. United States v. DeArmond, 8 Cir., 48 F.2d 465, 466.

■ On the question of appellant's motion to stay the trial of the action, the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940, briefly stated, are that an action brought against one in the military service of the United States shall be stayed upon his application "unless, in the opinion of the court, the ability of * * * the defendant to conduct his defense is not materially affected by reason of his military service." A motion under the act is addressed to the discretion of the trial court. The mere fact of service in the armed forces of the United States does not entitle a party to a stay of proceedings against him as a matter of right. The trial court may and should deny the stay when it is apparent that the party absent in the military service will not be materially prejudiced by the trial of the case. Boone v. Lightner, 319 U.S. 561,

63 S.Ct. 1223, 87 L.Ed. 1587. Under the record in this case we can not say that the discretion of the trial court was erroneously exercised.

Appellant complains of the court's statement concerning the indemnity insurance carried by the appellant at the time of the accident, saying there is nothing in the record to show that the appellant was protected by insurance, or, if so, the amount of insurance and the terms of the policy. Appellant, however, does not deny that he was insured as the court stated. The record sufficiently indicates that appellees did reduce the amount of their claims from $62,000 to the amount of the insurance which appellant carried, and that the verdict of the jury in favor of appellees was less than the face amount of the policy. Moreover, at the time of the court's ruling it had before it the deposition of the appellant giving in detail his version of the accident out of which the litigation arose. This deposition, which covered every issue of fact raised on the pleadings and at the trial, contained as much to support, as it did to deny, the appellees' charge of negligence against the appellant. Proof of the damage to appellant's car was available at Fort Smith from the mechanics who repaired it. The court may well have decided, from appellant's admissions, that the real issue at the trial would be the extent and character of the injuries sustained by appellees, a subject upon which the appellant knew nothing. Appellant admitted that he approached the street intersection in the City of Fort Smith, where his view of approaching traffic was obstructed by buildings, at a speed which, under the appellees' evidence, was prohibited by an ordinance of the City of Fort Smith and which made it impossible for him to stop in time to avoid a collision after discovering the taxicab driven by appellee, Faulkner. The record shows that appellant was represented by competent counsel, fully advised as to the facts involved in the litigation long before the date of the trial. The court's finding on the motion for a stay of the proceedings was amply supported by the facts before it at the time the order denying the motion was made and more than justified by the evidence at the trial.

The judgments of the District Court are affirmed.