265 P.2d 363

**GUZMAN et al. v. AVILA et al.**

**No. 5573.**

Supreme Court of New Mexico.

Jan. 4, 1954.

J. D. Weir, L. J. Maveety, W. C. Whatley, Las Cruces, for plaintiffs in error.

None, for defendants in error.

LUJAN, Justice.

This controversy involves the custody of a nine-year-old child. The plaintiffs in error, to whom reference is, hereinafter made as plaintiffs, filed their petition in the district court of Dona Ana County, to adopt one Yolanda Garcia, the natural daughter of Adela Garcia Avila and step-daughter of Henry Avila, defendants in error hereinafter designated as defendants. At the conclusion of the trial the lower court dismissed the petition and plaintiffs contend that the court below should have sustained it and bring this cause here to correct the errors which it is alleged the court committed by its action in the premises.

This is one of that unfortunate class of cases which is painful and distressing to the parties and judges alike, and presents the most perplexing questions which courts are called upon to decide. Whatever conclusion we reach there will be the consciousness of the indescribable heartaches, misery and suffering which it brings the losing party.

At the outset we are confronted with the presumption that the decision of the lower court was correct. The duty of deciding the controversy over the rights to the custody of this child was a delicate one, lodged with the district judge who heard the matter, and his decision ought not to be disturbed except upon a clear showing of an abuse of discretion.

Section 35–102 of 1941 Compilation, provides:

"The parents of a minor shall have equal powers, rights and duties concerning the minor. The mother shall

be as fully entitled as the father to the custody, control and earnings of their minor child or children. In case the father and mother live apart the court may, for good reasons, award the custody and education of their minor child or children to either parent or to some other person."

█ This statute gives the parents or parent the care and custody of their minor child or children, but the right is not absolute.

Sections 5 and 6 of Chapter 156 of the Session Laws of 1951, provide:

"Subject to the provisions of Section 6 of this Act, written consent to the proposed adoption, duly acknowledged before a notary public, must be filed in the proceedings before any decree of adoption may be granted. Such consent must be obtained from the following:

"(a) the child, if over the age of twelve years;

"(b) the parents of the child born in wedlock, if living;

"(c) the mother of the child born out of wedlock, if living;

"(d) the person or organization having lawful custody of the person of the child, if other than the parent or parents.

"Section 6. The consent of any person required by the terms of Section 5, other than that of the child over 12 years of age, *may, in the discretion of the Court,* be dispensed with in any one or more of the following instances:

"(a) In the case of a parent when he or she has been lawfully deprived of the custody of the child through divorce or legal separation;

"(b) when he or she has been deprived of custody of the child by a Court of Competent Jurisdiction in proceedings under or like in substance to those prescribed by Chapter 85 of the Laws of 1917 (being Sections 44–201 to 44–211 inclusive, of the 1941 Compilation, as amended), being the Law of this State relating to dependent and neglected children;

"(c) when consent of the guardian of the person of the child, under appointment of a Court of Competent Jurisdiction, is filed;

"(d) after diligent search and inquiry, the names of parent or parents or legal guardians, or their whereabouts, are unknown and cannot be ascertained; or where the parent or parents or guardian have wilfully failed to maintain and support the child, when obligated and financially able to do so, or have been guilty of

such cruelty, depravity, abuse or gross neglect toward the child that, in the opinion of the Court, the child should be removed from the custody of such parent or guardian. * * *" (Emphasis ours.)

■ ■ The provisions of the above act are primarily based upon the consent of the child's parents or parent, if under twelve years of age, if living and accessible, and the exceptions, which permit adoption without such consent, must clearly come within the provisions of the Act.

The record discloses that originally the defendant Adela Garcia who is now Adela Garcia Avila, having married Henry Avila, was, on January 13, 1946, granted an absolute divorce from Arturo Garcia and awarded the custody of the minor child, Yolanda; that prior to January 13, 1943, the day the child was born, the defendant, Adela Garcia Avila, resided on Hadley and San Pedro streets, Las Cruces, New Mexico; that Arturo Garcia was at that time in the armed service of his country; that she was receiving an allotment of from $60 to $70 per month from the government; that a few days after Yolanda was born she and the child moved to the home of Arturo Garcia's grandmother where they remained approximately one year; that in 1944 she and the baby moved to the home of her uncle and aunt, on a farm, where they remained approximately one year; that in 1945 she and the child moved to Las Cruces where she rented an apartment and both resided therein until 1947, when she and her husband and a daughter born from her present marriage moved to the state of California where they resided until March of 1952; that at that time the plaintiff, Josephine Guzman, the paternal grandmother of Yolanda, pleaded with her, Adela Garcia Avila, to permit the child to stay at her home until such time as they were settled in their new home; that it was with this understanding that Adela permitted the child to remain with said plaintiffs; that during the time defendants lived in California, the defendant, Adela, came to Las Cruces twice a year to visit her daughter; that while defendants lived in California they sent the child clothing and other things to the extent of $300 per year; that on March 15, 1952, defendants came to Las Cruces for the purpose of taking Yolanda with them and while enroute home, at Lordsburg, New Mexico, the child was taken away from them under an order issued by the district court which was procured by plaintiffs upon an affidavit and without a hearing; that plaintiffs filed their petition herein without any notice to or knowledge thereof on the part of either defendant.

Errors are assigned to the number of sixteen. In so far as these errors are submitted for our consideration, they are included within five points, the substance of

which seems fairly to be stated in plaintiff's brief.

Point I reads as follows:

"The court erred in denying certain requested findings and conclusions of plaintiffs in error and in making certain of its findings of fact and conclusions of law."

■■■ As to the findings of fact made by the court it is sufficient to say that the court's specific findings of fact are supported by sufficient evidence of a substantial nature, and are therefore, for the purpose of review, the facts in the case. The findings of fact are a sufficient basis for the conclusions of law and resulting judgment. It serves no good purpose to set forth herein the court's findings and conclusions, nor to review the evidence upon which the same are based, nor to consider the many propositions urged by counsel with respect thereto. We have, however, examined the entire record very carefully, concluding as above stated.

As to the rejected requests of the plaintiffs, it is sufficient to say that the court could not make those findings of fact nor conclusions of law because they would be inconsistent with the findings and conclusions which the court did make upon the facts adduced at the trial. See, Bezemek v. Balduini, 28 N.M. 124, 207 P. 330.

As to request No. 10, we believe the evidence would support this finding of fact. However, we do not see how it is material in this case. If error was committed, it was harmless.

Point II reads as follows:

"The court erred in denying application of plaintiffs in error for order dispensing with written consent of defendant in error, Adela Garcia Avila, to the adoption of Yolanda Garcia."

Under sections 5 and 6 of Chapter 156, supra, the mother's consent to adoption is an absolute requirement except in four specific situations in which the legislature has conferred upon the court the right, in its discretion, to dispense with consent. The findings of fact, heretofore discussed, affirmatively show that none of these four situations existed. Therefore the trial court acted properly in dismissing the petition for adoption. See, Onsrud v. Lehman, 56 N.M. 289, 243 P.2d 600. The cases relied upon by plaintiffs are not in point. The foregoing disposition of this case makes unnecessary a discussion of plaintiffs' remaining points.

The judgment is affirmed, and It Is So Ordered.

McGHEE, C. J., and SADLER, COMPTON and SEYMOUR, JJ., concur.