292 P.2d 992

Nancy MORGAN, Appellee,

v.

Richard ROCHA, Appellant.

No. 6002.

Supreme Court of New Mexico.

Jan. 26, 1956.

Roy T. Mobley, Albuquerque, for appellant.

Shipley & Seller, Alamogordo, for appellee.

LUJAN, Justice.

Nancy Morgan, plaintiff-appellee, brought this action against Richard Rocha, de-

fendant-appellant, to establish the paternity of her child born out of wedlock and to require the defendant to contribute to the support of said child. After trial before the court sitting without a jury, the court made findings determining that the defendant is the father of plaintiff's child, and judgment was entered accordingly. The judgment also provided that the defendant pay the plaintiff the sum of $30 per month for the child's support until it reached the age of sixteen years.

As is usual in actions of this nature there is a diversity of testimony, the woman testifying that the man is the father of her child and the man denying it. In this case the child was born on the 5th day of June, 1953. The defendant frankly admits that he had dated the girl but asserts that the last date he had with her was on the 4th day of July, 1952. The dispute is over the existence of sexual acts occurring between July 4th and September 19th, of the year 1952. The trial judge was confronted with the fact that the child was born and his duty was confined to find whether or not the defendant was the father of the child.

The defendant sought to escape the judgment by asserting that plaintiff ran around with other boys and by showing that there was a man by the name of Johnny Baca who had had sexual relations with the plaintiff, and that either one of the boys or the man might well have been the father of the child.

The record discloses that the plaintiff was a single woman, twenty years old, when she became acquainted with the defendant in 1950, having met him at the Mescalero Indian Reservation, where plaintiff resided with her father and mother. She saw him every other day or evening after that.

The plaintiff testified that on July 4, 1952, the plaintiff, for the first time, had sexual intercourse with her and that thereafter she and the defendant continued to have sexual intercourse with each other on an average of almost every other night until September 19, 1952, when the defendant stopped coming to see her. That during the month of October, 1952, she became aware that she was pregnant. That some time during the early part of December, 1952, the defendant went to the Mescalero Indian Reservation to see her and at that time she told him of her condition. Defendant told her he would be back in two weeks but he never did return. That during the latter part of December, 1952, she and her sister made a trip to Tularosa, New Mexico, for the purpose of inquiring from the defendant what he was going to do about her condition. That the defendant informed plaintiff he would be responsible for the child, but that he never contributed anything towards the support of the child.

That during the month of March, 1953, she again went to Tularosa with a friend to see the defendant about the child and he told her at that time to blame somebody else for it. She further testified that she had not had sexual relations with any one other than the defendant.

Sadie Shanta, a sister of the plaintiff, testified that she knew the defendant and that he kept company with her sister.

\* \* \* \* \* \*

"Q. All right, Sadie, did you ever have any occasion to have any conversation with Richard in Tularosa?

"A. Yes, one time I went down there with my sister, when she told me that she got in trouble, and I went down there and talked to Richard and he said it was all his own fault, and told me it was his own business too.

\* \* \* \* \* \*

"Q. Did you talk to him?

"A. Yes, I told him what are you going to do about my sister, you got her in trouble? And he said it was all his own fault, and he knew what he was doing."

Freda Carillo, a friend of plaintiff, testified that she has known the plaintiff all of her life and the defendant since 1949. That she went with the plaintiff in March, 1953, to see the defendant at Tularosa, but did not take part in their conversation and heard none of it.

The defendant testified that he was twenty-five years old at the time of the trial. That he had known the plaintiff since about 1951 or 1950. That he had dated her. That he never dated her after July 4, 1952. He denied he ever had any conversation with plaintiff or any one else about her pregnancy. He denied he ever told plaintiff or any one else that he was the father of plaintiff's child, and denied that he was the father of the child.

One Johnny Baca, a long acquaintance of the defendant testified that he had had sexual intercourse with the plaintiff sometime during the month of September, 1952.

At the conclusion of the testimony the court made the following observation:

"But I don't believe his (defendant's) story about not having dated her after the 4th of July, with the excuse that he was working at the Base. That is one of the things: The testimony in here by her and other witnesses is that they were practically together all of the time. There has been no evidence brought forward of this girl's misconduct other than this witness (Johnny Baca) and the court doesn't place too much responsibility, or credibility on his testimony. The town constable, or marshal— his testimony didn't bring out that the girl was mis-behaving up there."

The court found:

"3. That the defendant, Richard Rocha, had sexual intercourse with the

Plaintiff, on numerous occasions in the months of July, August, and September of the year 1952.

"4. That the Plaintiff did not have sexual intercourse with any other persons during the above mentioned period, nor immediately prior or subsequent thereto.

"5. That subsequent to the time Plaintiff became pregnant with said child, she made demand upon Defendant to aid her in discharging the expenses incident to the support of said child, and that Defendant from that time subsequent has failed, neglected and refused to contribute any amount for the support of said child or to in any way assist Plaintiff in the support and maintenance of said child.

"6. That the Plaintiff has been the sole support of said minor child, and that the reasonable amount in the future necessary for the support and maintenance of said minor child is the sum of $30.00 per month.

"8. That the defendant, Richard Rocha, is the father of Damain Lee Morgan, the minor child of the Plaintiff."

Based upon the above findings, the court concluded as a matter of law:

"That the Defendant should be required to contribute to the support of said minor child until such time as the said child shall reach the age of sixteen years, and that said Defendant should be required to contribute the amount of $30.00 per month for the support and maintenance of said child."

The defendant contends that the trial court erred in making the above findings of fact and conclusion of law, and in refusing his tendered findings of fact and conclusion of law.

The rule is so well established in this jurisdiction that this court will not disturb findings of fact made by the trial court on conflicting evidence that it would be superfluous to cite precedents. The trier of the facts has the opportunity of observing the witnesses and their general demeanor. This court simply reads the record in cold type and sometimes does not obtain from it the impression received by the hearer of the spoken words. An impulsive or unconscious gesture, the intonation of the voice, a hesitant or an alert answer may possibly exclude an inference otherwise reasonably drawn from the written record. In considering an attack upon the findings, the test is, not how we would find the facts to be, but whether there was substantial evidence strong enough to justify the conclusion reached by the trial judge.

Having carefully examined the entire record, we conclude that the chal-

lenged findings of fact made by the trial court are supported by substantial evidence and are sufficient basis for the conclusion of law and resulting judgment.

As to the rejected requests of the defendant, it is sufficient to say that the court could not make those findings of fact nor conclusions of law because they would be inconsistent with the findings and conclusion which the court did make upon the facts adduced at the trial. See, Guzman v. Avila, 58 N.M. 43, 265 P.2d 363.

The judgment will be affirmed.

It is so ordered.

COMPTON, C. J., and SADLER, McGHEE and KIKER, JJ., concur.