393 P.2d 710

**CY ANSCHUTZ AND ASSOCIATES,**
**Plaintiff-Appellee,**

v.

**Hardy CONLEY, d/b/a Conley Motor**
**Company, Defendant-Appellant.**

**No. 7421.**

Supreme Court of New Mexico.

July 13, 1964.

Hannett, Hannett & Cornish, Albuquerque, F. B. Howden, Belen, for appellant.

Rodey, Dickason, Sloan, Akin & Robb, James C. Ritchie, Albuquerque, for appellee.

CARMODY, Justice.

This is an appeal from a judgment of the district court of Valencia County. The plaintiff-appellee filed a suit against de-

fendant-appellant, Conley Motor, seeking payment of unpaid insurance premiums. Conley Motor answered and filed a counter-claim alleging that as insurance broker for Conley, appellee had agreed to provide Conley with a bond insuring said company against fraudulent or dishonest acts of its employees; that Conley suffered a loss, due to fraudulent acts of one of its employees in embezzling automobile parts, and that the bonding company refused to pay the loss under the bond. The counterclaim sought damage for the amount of Conley's alleged loss due to appellee's failure to secure the coverage requested and for failure to so inform Conley. After trial, judgment was entered dismissing the counterclaim and entering judgment for appellee on its original complaint. This appeal concerns only the dismissal of the counterclaim.

Appellant argues that the trial court erred in making certain of its findings of fact since there was no substantial evidence on which to base them and that the court erred in refusing to make certain findings requested by appellant for the reason that these findings were based on uncontradicted evidence.

By our determination as to the coverage requested by appellant, we will dispose of this appeal.

Mr. Olson, the agent for appellee who dealt with appellant, testified concerning the coverage requested, as did Mr. Conley of Conley Motor Company. Appellant asserts that there is no evidence upon which the trial court could find that the bond requested was the bond furnished. In reviewing the record, we find that Mr. Olson testified, as did Mr. Conley, that the latter requested a bond for coverage up to ten thousand dollars against loss of cash, parts and all inventory caused by fraudulent or dishonest acts of Conley's employees. The bond which was furnished gave coverage of ten thousand dollars and states, under "Insuring Agreement":

"The Underwriter, * * * agrees to indemnify the Insured against any loss of money or other property which the Insured shall sustain through any fraudulent or dishonest act or acts committed by any of the Employees, * *."

The bonding agreement contains a subsequent paragraph with the heading "Exclusion":

"Section 2. This bond does not apply to loss, or to that part of any loss, as the case may be, the proof of which, either as to its factual existence or as to its amount, is dependent upon an inventory computation or a profit and loss computation; provided, however, that this paragraph shall not apply to loss of money or other property which the Insured can prove, through evidence wholly apart from such computations, is sustained by the Insured through any fraudulent or dishonest act or acts committed by any one or more of the Employees."

It is this paragraph which appellant contends restricts the coverage so as to make appellee liable for failing to secure the coverage requested.

We are unable to agree with appellant's argument. The "Insuring Agreement" plainly provides the coverage which was requested, and as we interpret the "Exclusion" paragraph, it does not restrict the coverage. It still covers loss of cash or other property which is the result of fraudulent or dishonest acts of employees. The clause in question sets out the acceptable means for proving a loss, by stating that if a loss occurs which can be proved, as to factual existence or amount, only upon an inventory computation or profit and loss computation, then the bond does not apply. If a loss can be proved in any other way, then the bond will apply. After reviewing all the testimony, we are unable to see how appellant can contend that the bond coverage he received was less than what he requested. He received coverage for loss of cash, parts and inventory. The fact that the bond set standards for proof of loss does not diminish that coverage. We feel that there was substantial evidence for the trial court to find as it did concerning the coverage requested.

As to the rejected requests of the appellant, suffice it to say that the trial court could not have made those requested findings of fact and conclusions of law because they would be inconsistent with the findings and conclusions which were made. Guzman v. Avila, 1954, 58 N.M. 43, 265 P.2d 363.

The judgment will be affirmed. It is so ordered.

COMPTON, C. J., and NOBLE, J., concur.