431 P.2d 65

**Perlas Norma JARAMILLO, Plaintiff-Appellee,**

**v.**

**Horacio SANDOVAL, Defendant-Appellant.**

**No. 8275.**

Supreme Court of New Mexico.

Aug. 28, 1967.

Chacon & Melendez, Espanola, for appellant.

Bigbee & Byrd, G. Stanley Crout, Santa Fe, for appellee.

## OPINION

HENSLEY, Jr., Chief Judge, Court of Appeals.

The plaintiff, now appellee, brought this action in the district court of Rio Arriba County to judicially establish the paternity of her child born September 9, 1964, and to obtain such financial assistance from the defendant, now appellant, as the law and the circumstances would warrant.

According to the testimony of the plaintiff the parties engaged in carnal intercourse with each other on three occasions. The last act occurred on December 29, 1963, at about 2:00 p.m. In the opinion of the attending physician conception took place between December 25, 1963 and Jan-

uary 1, 1964. The defendant denied the claims of the plaintiff and testified that he was a prisoner in the Espanola city jail until late afternoon on December 29, 1963. The Justice of the Peace who had committed the defendant to jail testified that he could not be sure that the defendant was in jail on December 29, 1963, but that his orders called for the confinement of the defendant until six or seven o'clock on that evening. The only issue submitted to the jury was that of paternity. The parties stipulated that the trial court sitting without a jury would determine the issues on expenses of confinement and future support of the child at a later hearing in the event of a verdict in favor of the plaintiff.

The jury found that the defendant was the father of the child. A hearing was set for June 24, 1965, to determine the remaining issues. Scheduling conflicts caused this setting to be vacated and the cause was reset for August 27, 1965. On August 11, 1965, the attorney for the defendant filed an affidavit stating that the defendant was then in the military service of the United States. The hearing was held as scheduled with the defendant represented by his attorney. From a final judgment establishing paternity, ordering the payment of confinement expenses and fixing the amount of support to be paid by the defendant, the defendant now appeals.

■■ The appellant's first point is that the verdict of the jury was not supported by substantial evidence. The bare denial by the appellant is sufficient to create a doubt. The evidence that the appellant may have been in jail adds to the uncertainty. Nevertheless it was the function of the jury to weigh the evidence. We have read the record and conclude that there was substantial evidence to support the verdict returned by the jury. Finding substantial support, it is not the function of this court to reappraise the evidence, nor to reach an independent judgment on the conflicting testimony. Mondragon v. Mackey, 65 N.M. 175, 334 P.2d 706; Morgan v. Rocha, 60 N.M. 499, 292 P.2d 992; Gilon v. Franco, 77 N.M. 786, 427 P.2d 666.

■■ The appellant raises for his second and final point the proposition that the trial court abused its discretion in hearing and determining the final issues in his absence. At the time appointed for final hearing the attorney for the appellant contended that the absence of the appellant due to military service operated as a bar to further proceedings. This was overruled by the district court. The Soldiers' and Sailors' Civil Relief Act of 1940, § 201, 50 U.S.C.Appendix, § 521, permits a stay of proceedings in the discretion of the court during the period of military service, unless the court is of the opinion that the military service will not materially affect the ability of the litigant to present his case. Gross v. Williams, 149 F.2d 84 (8th Cir. 1945); Runge v. Fleming, 181 F.Supp. 224 (N.D. Iowa, 1960). Here there were two questions to be determined by the trial court. The first had to do with the reasonableness of the charges inposed by the hospital and the attending physician. The reasonableness of the charges was not questioned by the appellant. The second question was how much would be owed by the appellant for the future support of the child. The appellant contends that his absence prevented him from showing his ability, or inability, to make support payments. In this case it was not shown that the presence of the appellant would have aided him, nor has it been shown that his absence prejudiced him. Further, the trial court in reaching a decision on whether or not to stay the proceedings may have considered the public policy of this state as declared in Section 22–4–13, N.M.S.A. 1953, which reads:

"If the defendant fails to appear, the trial shall proceed as if he were present; and the court shall upon the findings of the judge or the verdict of the jury make such orders as if the defendant were in court."

Finally, there is no suggestion that the defendant made any effort to obtain temporary leave to be present at the final hearing. Stalcup v. Ruzic, 51 N.M. 377, 185 P.2d 298. We conclude that the discretion exercised by the trial court was free from the error charged.

The judgment should be affirmed. It is so ordered.

CHAVEZ, C. J., and MOISE, J., concur.