Ronald COMER, Plaintiff,

Kenneth Palmer, Plaintiff–Appellant,

v.

CITY OF PALM BAY, FLORIDA,
Defendant–Appellee.

No. 00–13546
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Sept. 17, 2001.

Craig Marc Rappel, Rappel & Rappel, P.A., Vero Beach, FL, for Plaintiff–Appellant.

Leonard A. Carson, Carson & Adkins, Tallahassee, FL, for Defendant–Appellee.

Before BIRCH, CARNES and HULL, Circuit Judges.

PER CURIAM:

Kenneth Palmer appeals the magistrate judge's denial of his motion to stay proceedings under the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.App. § 521 ("the Act") and grant of defendant City of Palm Bay, Florida's ("City") motion for summary judgment.[1] We AFFIRM the district court.

## I. BACKGROUND

In 1998, Palmer and co-plaintiff, Ronald Comer, filed an action against the City alleging that they were subjected to discrimination while they were employed by

---

1. The parties consented to the trial of the case before the magistrate judge. R1–10–6.

the City and suffered retaliation based on their complaints of discrimination. At that time, Palmer and Comer were both represented by attorneys Mark Tietig and Lisa K. Tietig. A case management and scheduling order was filed in December 1998 which set forth a discovery deadline of 22 January 2000 and a trial date of 22 May 2000, and which set forth the dates and requirements regarding motions for summary judgment.

On 11 January 1999, Tietig and Tietig moved to withdraw as counsel for Palmer.[2] Following a hearing, the magistrate judge granted the motion to withdraw and ordered that Palmer "proceed pro se expeditiously, and shall be bound by the scheduling order."[3] R1–16–1.

On 6 July 1999, Craig M. Rappel filed a notice of appearance as Palmer's attorney. R1–18. Mark Tietig, as counsel for co-plaintiff Comer, deposed several City employees on 8–9 July 1999, and the City deposed Palmer on 21 July 1999. Palmer, however, took no depositions.

In September 1999, Palmer, as a member of the Florida Army National Guard, was ordered to report for active duty on 8 October 1999 at Fort Gordon, Georgia. In November 1999, Palmer's attorney moved to sever his case from Comer's and to stay further proceedings for twelve months based on his active duty status. He amended the motion in December. At a motion hearing, Palmer's attorney argued that Palmer was unable to assist in discovery or attend the trial due to his training commitments until June 20, 2000.[4] R8 at 3–5. The magistrate judge expressed his concerns as to whether Palmer, as a member of the National Guard, was covered by the Act. He then denied the motions to sever and to stay proceedings "without prejudice to refile if [Palmer's attorney] f[ou]nd some justification for him coming within that Soldiers and Sailors Act."[5] R8 at 12.

The City moved for summary judgment on 6 March 2000. Palmer's response to

2. The motion represented that "the case is in good shape and a considerable amount of time is available for [Palmer] to procure another attorney to conduct the litigation." R1–14–1.

3. At the hearing, Palmer presented his position and identified his letters to his attorneys. Palmer initially advised his attorneys that he disagreed with their decision to withdraw and explained that he did not "have the financial or transportation resources required to make a search to obtain legal representation." R1–17, Ex. 1 at 7 January 1999 letter. A few days later, however, he wrote that he had no objection to their withdrawal provided his "case [wa]sn't negatively affected" by the withdrawal and that "any information obtained from [him] [wa]sn't used inappropriately ... in this case." *Id.* at 12 January 1999 letter.

4. As to the motion to stay, the district judge inquired as to whether any alternative means of conducting discovery were available and whether Palmer's attorney was able to communicate with Palmer by telephone or mail. Palmer's attorney indicated that he could communicate with Palmer by telephone and mail and that he was unsure of the possibility of taking a telephone deposition, but that he thought it inappropriate to ask the Brevard County, Florida witnesses to appear for a deposition at Fort Gordon, Georgia.

5. The motion to sever and to stay was unopposed. The City's attorney noted that, although the employment decisions above the supervisory level were made by the same people, "the facts of the cases [we]re dissimilar," the witnesses were different for each case, and the employment decisions at the supervisory level were made by different people. R8 at 10–11. Comer's attorney commented that Comer and Palmer's cases did not overlap as he had originally anticipated. *Id.* at 11–12.

The magistrate judge indicated that he would be flexible, and asked that Palmer's attorney discuss with Palmer whether he could be accommodated by a continuance of the trial date, a deposition conducted in Geor-

the summary judgment motion and separate "Statement of Facts" as to any disputed facts were due on 3 April 2000. R2–65–2. On 27 March 2000, Palmer filed a second motion to stay because he had "been unable to assist his counsel in discovery or . . . able to appear at deposition of important and material witnesses . . . and [wa]s unable to attend the scheduled trial on this matter unless [he] s[ought] a request to remove himself from active military duty." [6] R2–66–3. He attached documents showing that his request for leave "to attend all proceedings related to this case" was denied by the Army. *Id.* at Exs. A–B.

On 5 April 2000, Palmer filed a memorandum of law in opposition to the summary judgment motion. R4–75. Palmer's attorney did not file a separate statement of facts, but explained that the majority of the facts on which he was relying were taken from Palmer's deposition. He said that Palmer was unable to afford the transcription costs for the deposition,[7] and had instructed his attorney "to refrain from holding depositions" until he was present. *Id.* at 2.

At a motions' hearing, the magistrate judge said that he would "consider small adjustments in the trial date if it were a problem with being in the military and I would consider a one month extension," but denied the request to extend discovery, reasoning that Palmer had entered the military after filing the lawsuit, and had been provided "a huge amount of time . . . to conduct discovery." [8] R9 at 11. After finding that Palmer's active duty status had not "materially" affected his ability to prosecute the case, the magistrate judge denied the motion to stay proceedings for twelve months.[9] *Id.* at 22. The magistrate judge advised that he

gia, or a voluntary dismissal to refile. R8 at 12–14.

6. Palmer sought a stay of twelve months or a new trial date and an extension of two months for discovery. R2–66 at 3, 10–11.

7. He requested that the City be required to file complete deposition transcripts. R4–75–2.

8. The magistrate judge calculated that Palmer had about ten months to conduct discovery between the time that the scheduling order was entered and he reported for active duty. R9 at 21.

9. The magistrate judge found that:
    . . . while his service in the Florida National Guard under the command of the U.S. Army does to some extent affect his ability to prosecute this case, it does not materially—it has not materially affected his ability to prosecute the case.
    He had quite a few months before he went into the military, at which time discovery was actively proceeding. He had about eight months after the December '98 scheduling order was entered even when he knew when discovery cutoff was. He chose to enter the military at that time knowing that he had brought the suit . . .

I notice he has sought a ruling of this court with respect to the dismissal of his state law causes of action or severance of them. I went through this once before-and this is significant-noted that *the court was prepared to enter such orders as were necessary to specially accommodate his service and if necessary to schedule discovery matters in a way that would allow him to proceed with them.*
    . . . it is my view from the record that it is not Mr. Palmer's service in the military that is the sole motivation for not wishing to proceed.
    I quite early—well, at the time of his last motion, in addition to making it clear that we would accommodate him in taking discovery, it should have been clear that he had to proceed and do that or else he would be staring down a motion or a trial that he would lose if he didn't have evidence compiled during discovery. I know Mr. Rappell knew that, of course, and I don't find that Mr. Rappell did anything except what his client asked him to do.
    So the—and the fact that I originally denied the motion to stay without prejudice does not mean that I intended to grant it sometime in the future and therefore he did not need to take discovery. Obviously, he

would "get an order out on [the City's motion for summary judgment] as promptly as" possible but that the parties should "not wait for the order to file [their] pretrial stipulation" and should prepare for the pretrial conference. R9 at 59.

The pretrial conference was held on 18 May 2000. The magistrate judge commended the parties "for the best set of stipulated facts" that he had ever seen and apologized that he had "not yet ruled on [the City's] motion for summary judgment." R10 at 2, 4. The magistrate judge stated that he had found that a material issue of fact existed as to Comer and had not "reached a final decision yet" as to Palmer but hoped to "have a written ruling tomorrow for everybody." *Id.* at 4. Palmer's attorney advised that, as a result of the court's denials of his motions to stay, Palmer had been granted leave to be off base for the trial by his commander. *Id.* at 19.

On 19 May, the magistrate judge granted summary judgment against Palmer and dismissed his federal claims with prejudice. R6–101. He found that Palmer had "failed to adduce any record evidence to demonstrate the existence of a genuine issue of material fact," "even drawing all inferences from the verified complaint in Palmer's favor." R6–101–8. It noted

that, although Palmer had relied on disputed facts from his deposition, the deposition was not filed and he offered no other evidence. Summary judgment was thus granted "in light of Palmer's complete failure to develop any discovery record despite a discovery period of almost two years and ... the Court's repeated invitation to propose alternatives to accommodate the demands of Palmer's military service." [10] *Id.* at 9. Palmer appealed. His motions for leave to proceed *in forma pauperis* and for transcripts at government expense were granted.

On appeal, Palmer argues that the district court abused its discretion by denying his unopposed motion to stay proceedings under the Act, and erred in granting the City's motion for summary judgment based on his failure to file a statement of disputed facts.

## II. DISCUSSION

### A. *Motion to Stay*

Palmer maintains that the district court abused its discretion in denying his motion to stay proceedings because he submitted evidence showing that he would be materially affected because he was unable to personally attend the depositions of the law enforcement officers who he alleged had discriminated against him.[11]

needed to take discovery in order to overcome any claim that there is no material issue of fact and that the defendant is entitled to summary judgment.

R9 at 22–23 (emphasis added). The magistrate judge later granted Palmer's motion to dismiss his state law claims. *Id.* at 27.

10. The magistrate judge rejected "Palmer's argument that his ability to develop a discovery record sufficient to defeat summary judgment has been severely limited by his military service" and explained that, in denying Palmer's motions to stay, he had "expressed [the court's] willingness to consider other alternatives short of a stay to accommodate the demands imposed by his military service" but that "Palmer has failed to propose any such

alternative." R6–101–9. The magistrate judge also remarked that "Palmer [had] more than a year prior to his present military assignment to develop a discovery record." *Id.*

11. The City also presents argument as to whether Palmer was a person entitled to relief under the Act. Although the district court denied the first and amended motion to stay without prejudice to renewal if Palmer could show that he was entitled to relief under the Act and questioned his entitlement during the hearing on the second motion, it appears that the district court accepted his entitlement as a member of the "Florida National Guard under the command of the U.S. Army." R9 at 22. The district court did not subsequently

We review the grant or denial of a motion to stay under the Soldiers' and Sailors' Civil Relief Act for abuse of discretion. *Boone v. Lightner*, 319 U.S. 561, 575, 63 S.Ct. 1223, 1231, 87 L.Ed. 1587 (1943). The Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.App. § 521 provides:

> At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter ... shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, ... unless, in the opinion of the court, the ability of plaintiff to prosecute the action .... is not materially affected by reason of his military service.

*Id.* A district court must, therefore, determine whether the ability of the party in military service to prosecute his case is materially affected by his service and may properly deny the stay if the party will not be materially prejudiced. *Boone*, 319 U.S. at 565, 63 S.Ct. at 1226. The court is to consider "all the circumstances of the case" in making this determination. *Tabor v. Miller*, 389 F.2d 645, 647 (3rd Cir.1968). The court may consider evidence of whether the party seeking the stay and his counsel have acted with diligence. *Boone*, 319 U.S. at 575, 63 S.Ct. at 1231. Where the record shows that the military party is "represented by competent counsel, [and] fully advised as to the facts involved in the litigation long before the date" of court proceedings, a court does not abuse its discretion in denying a motion to stay under the Act. *Gross v. Williams*, 149 F.2d 84, 86 (8th Cir.1945).

Based on the record in this case, we find that the magistrate judge did not abuse his discretion by denying the motion to stay under the Act. After the case management order was entered, Palmer had thirteen months to conduct discovery. At the time when his initial attorney was permitted to withdraw, Palmer had twelve months to conduct discovery and was reminded that he was bound by the scheduling order. Palmer retained counsel six months later. Although Palmer's deposition was taken by the City and several City employees' depositions were taken by his co-plaintiff, Palmer made no attempt at discovery. Palmer did not enter active duty for another two months.[12] In his second motion for a stay, Palmer failed to address whether alternative means of conducting discovery, such as telephone depositions or written interrogatories, were available despite the magistrate judge's inquiry during consideration of his first motion to stay. He did not permit his attorney to conduct discovery in his absence. One month after the City moved for summary judgment and one week before his response to the motion for summary judgment was filed, he sought a stay of twelve months or a new trial date and an extension of two months for discovery. Further, although his motion argued that he had been unable to appear at depositions "of important and material witnesses" because of his military service, the record

---

base its ruling on this question and Palmer does not raise it on appeal. Therefore, we will not address it.

**12.** The magistrate judge reasoned that Palmer had entered the military after he had filed the lawsuit and was, therefore, aware of his commitments under the case management order. R9 at 11. Although we do not specifically address the issue of how Palmer's post-filing

entry into active duty affected his prosecution of this case, we note that the magistrate judge's position has some support. *See Conroy v. Aniskoff*, 507 U.S. 511, 526, 113 S.Ct. 1562, 1570–71, 123 L.Ed.2d 229 (1993) (Scalia, J., dissenting)(noting that the legislative history of the Act reveals that it was to provide relief to "those who were *prejudiced* by military service, as many who were drafted would be.")

does not indicate that there were any depositions scheduled after he entered active duty.

### B. *Summary judgment*

Palmer argues that the district court erred in granting summary judgment based on his failure to file a statement of disputed facts. He maintains that the filing of the statement was effectively satisfied by his participation in the joint pretrial statement which included detailed facts and a stipulation as to all of the City's exhibits and to 73 of his 75 exhibits. He contends that these stipulated exhibits demonstrate the disputed facts and conflict with the City's Statement of Disputed Facts which was filed with the summary judgment motion.

"We review a district court's grant of summary judgment *de novo.*" *Henning v. Continental Cas. Co.,* 254 F.3d 1291, 1293 (11th Cir.2001). Summary judgment is appropriate where the evidence shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). We view the evidence and all factual inferences raised by it in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in favor of the non-moving party. *Burton v. City of Belle Glade,* 178 F.3d 1175, 1187 (11th Cir.1999). Summary judgment will be granted "after adequate time for discovery . . ., against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S.

317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Once the moving party discharges its initial burden of showing that there is an absence of evidence to support the non-moving party's case, the non-moving party must specify facts proving the existence of a genuine issue of material fact for trial confirmed by affidavits, " 'depositions, answers to interrogatories, and admissions on file.' " *Id.* at 324, 106 S.Ct. at 2553 (quoting Rule 56(c)). Summary judgment is required where the non-moving party's response to a motion is merely "a repetition of his conclusional allegations" and is unsupported by evidence showing an issue for trial. *Morris v. Ross,* 663 F.2d 1032, 1034 (11th Cir.1981).

■ We find that the magistrate judge did not abuse his discretion in granting the City's motion for summary judgment. Palmer submitted no evidence in support of his response to summary judgment either with his response or at the motion hearing. Even without further discovery and even with his inability to afford a copy of the transcribed deposition transcript, he could have offered his own affidavit. The stipulated facts set forth in the joint pretrial statement set forth only those facts to which the parties agreed. R5–92, Attachment Q. It provided neither a statement of disputed facts nor evidence to support the disputed facts. The trial exhibits to which he stipulated were neither filed nor reviewed by the district court before entry of summary judgment.[13]

### III. CONCLUSION

For the reasons stated above, we find that the magistrate judge did not abuse his

---

**13.** Palmer argues that the district court should be bound by the pretrial statement, citing *Skaw v. United States,* 740 F.2d 932 (Fed.Cir.1984). In *Skaw,* the Federal Circuit vacated the entry of summary judgment because it was entered *sua sponte* and in spite of the parties' joint pretrial statement that the

factual issue needed to be resolved by the court and the evidence in support of summary judgment "did not . . . establish that there was no genuine issue." *Id.* at 936. Here, the summary judgment entry is neither in conflict with the pretrial statement nor the evidence in support of summary judgment.

discretion in denying the motions to stay under the Act or in granting summary judgment against Palmer. Therefore, we AFFIRM.