Phillip James DALENBERG, Plaintiff,

v.

**CITY OF WAYNESBORO,**
**et al., Defendants.**

**No. CV 101–174.**

United States District Court,
S.D. Georgia,
Augusta Division.

May 8, 2002.

Samuel W. Cruse, Samuel W. Cruse, PC, Augusta, GA, for Plaintiff.

Richard Read Gignilliat, Sharon Parker Morgan, Laura K. Johnson, Elarbee Thompson & Trapnell, LLP, Atlanta, GA, for Defendants.

## ORDER

SMITH, United States Magistrate Judge.

Defendants removed the above-captioned case on November 16, 2001. Presently before the Court is a motion by Plaintiff (Doc. No. 9) to suspend the proceedings in this case pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940 ("Civil Relief Act"), 50 U.S.C. app. § 521 (1990) as well as a joint motion (Doc. No. 11) for extension of time to conduct discovery and file civil motions. The Court will now address the pending motions.

### I. BACKGROUND

Plaintiff initially filed his case in the Superior Court of Burke County on May 31, 2001. Pl.'s Motion, p. 1; Defs.' Response, p. 1. The parties entered discovery while still in State court, and Defendants served interrogatories and document requests on Plaintiff in October 2001. See Defs.' Response, p. 1; Pl.'s Motion, p. 1.

On October 29, 2001, Plaintiff requested a six-week extension of time to respond to discovery requests, explaining that he was getting married and changing residences. Defs.' Response, p. 2; Pl.'s Motion, p. 2. The extension was intended to extend to and include December 15, 2001. See Defs.' Response, Ex. A; Pl.'s Motion, p. 2. On November 16, 2001, the case was removed to this Court.

Plaintiff was thereafter ordered to active duty on December 6, 2001, and told to report to Fort Stewart, Georgia by December-

ber 9, 2001–slightly less than a week before his discovery responses were due. See Pl.'s Motion, Ex. A. Plaintiff asserts that his activation resulted in him having "no access to his personal paperwork" and being "unable to complete the discovery responses." Pl.'s Motion, p. 3. Plaintiff's counsel contends that he "tried to get hold of Plaintiff but was unable to do so because he had shipped out." Id. at 3. Plaintiff's counsel further explains the resulting delay in Defendants receipt of responses to their discovery requests:

> On January 7, 2002, when Plaintiff's counsel was finally able to contact the Plaintiff, he explained that when Plaintiff forwarded Defendants' counsel's letter of November 26, 2001, stating counsels had mutually agreed to extend the discovery period to the end of February, 2002, he thought it meant that his responses were not due [until] then[;] then he got notice and shipped out all within three days.

Id.; see Defs.' Response, Exs. B & C. On or about January 7, 2002, Plaintiff's counsel made clear that Plaintiff had not completed discovery and had been called to active duty at Fort Stewart, and suggested that the case be stayed until Plaintiff could proceed with it. See Defs.' Response, Ex. C. Plaintiff then obtained an affidavit on February 5, 2002 in support of his motion to stay.

Plaintiff asserts that "he is at this time actively in military service [and] cannot participate in his case due to his [ ] service ...." Pl.'s Motion, p. 4. Plaintiff further claims that "his rights will be materially affected by a determination of this pending litigation." Id.

### II. DISCUSSION

#### A. Applicable Law

Section 521 of the appendix to title 50, which constitutes one provision of the Civil Relief Act, states the following:

At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, *during* the period of such service ·or within sixty · days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act … unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the, defendant to conduct his defense is not materially affected by reason of his military service.

50 U.S.C. app. § 521 (1990). United States Supreme Court precedent interpreting the Civil Relief Act has stated that "[t]he Act cannot be construed to require [a] continuance on mere showing that the defendant [or plaintiff] was in … the military service." *Boone v. Lightner,* 319 U.S. 561, 565, 63 S.Ct. 1223, 87 L.Ed. 1587 (1943). As the Court explained, a rigid rule would render meaningless that portion of the statute granting the court discretion to determine whether proceedings should be stayed. *Id.; see id.* at 568, 63 S.Ct. 1223 (stating that the "judicial discretion thereby conferred on the trial court instead of rigid and undiscriminating suspension of civil proceedings was the very heart of the policy of the Act").

It is equally important that the Supreme Court stated in *Boone* that "[t]he Act makes no express provision as to who must carry the burden of showing that a party will or will not be prejudiced …." *Id.* at 569, 63 S.Ct. 1223. Despite the Court having the opportunity to impose a burden, it nonetheless refused to adopt one determining instead to allow courts to use their "sound sense" in making a decision. *Id.* Thus, this Court is free to peruse the

information before it and thereafter exercise its discretion in determining whether a stay of proceedings is appropriate.

**B. The Brown Affidavit and Defendants' Response**

The parties' arguments center, in large measure, on an affidavit submitted by Captain Randall Brown ("Brown"), the commanding officer of Plaintiff. Brown makes the following pertinent statements in his affidavit:

1. "[As] recently activated reservists [which includes Plaintiff], none of the members [of the 345th military intelligence battalion] have accrued more than a few days of leave."

2. "[T]he current operational tempo makes the decision to grant leave problematical. As commander, I cannot afford to release any of my personnel for any matter short of a significant family crisis."

3. "I must insist that all soldiers in my command exercise their rights under the Soldiers['] and Sailors['] Civil Relief Act to defer any pending civil matters until such time in the hopefully near future that we may be demobilized.… I need every man-hour I can get from members of this unit …."

4. "I am currently working this [plaintiff] some 12 to 14 hours every day. I cannot now release him from his duties to tend to private litigation matters. As it stands now, the work load appears to be getting more heavy, not less."

Pl.'s Motion, Ex. B (Brown Aff.). Defendant's interpretation of this affidavit attempts to demonstrate that Plaintiff does

in fact have the capacity to pursue his case despite his increased work load. Defendants assert that "Plaintiff's call to military service at Fort Gordon apparently brought him *closer to his attorney and the Court* than he was before; prior to his active duty, Plaintiff lived in or near White County, more than 100 miles from Augusta." Defs.' Response, p. 5 (emphasis added). Furthermore, Defendants assert that "Plaintiff's schedule at Fort Gordon does not leave him barren of free time; he gets off work at 5 p.m. during the week and does not work on weekends. He is free to leave the base in his spare time." *Id.*[1] Finally, Defendants explain their views of the burden Plaintiff is likely to experience in the coming months:

> [T]he time commitment that would be required for Plaintiff to prosecute this case during the next several months should be sporadic and relatively light. Plaintiff would need to spend a few hours looking through documents and assisting his attorney to prepare written discovery responses and get ready for witness depositions. Plaintiff's own deposition will take less than a day and Defendants would be happy to take it on a Saturday for Plaintiff's convenience. Should a trial date arise before Plaintiff's military service ends, a continuance of trial could be considered if appropriate.

*Id.* at 6. In support of their contention that Plaintiff can prosecute his case, Defendants cite *Comer v. City of Palm Bay*, 265 F.3d 1186 (11th Cir.2001) (per curiam).

## C.   Analysis

In *Comer v. City of Palm Bay*, 265 F.3d 1186 (11th Cir.2001) (per curiam), the Eleventh Circuit was presented with a district court's denial of a stay of proceedings under the Civil Relief Act. The suit was filed in the Middle District of Florida, and while it was pending, Palmer, a plaintiff in the action, was ordered to report for active duty at Fort Gordon, Georgia. *Comer*, 265 F.3d at 1188. At a motion hearing, "Palmer's attorney argued that Palmer was unable to assist in discovery or attend the trial due to his training commitments ...." *Id.* The district court, however, refused to grant the stay. The Eleventh Circuit stated that "[t]he court is to consider 'all the circumstances of the case' in making [a] determination[ ]" on whether to suspend proceedings. *Id.* at 1191. As part of the totality of the circumstances, "[t]he court may consider evidence of *whether the party seeking the stay and his counsel have acted with diligence.*" *Id.* (emphasis added). Furthermore, "[w]here the record shows that the military party is *represented by competent counsel,* [and] *fully advised as to the facts involved in the litigation long before the date of court proceedings,* a court does not abuse its discretion in denying a motion to stay under the Act." *Id.* (emphasis added). The Eleventh Circuit also found it noteworthy that Palmer had made "no attempt at discovery[,]" *id.*, and "[i]n his second motion for a stay, [he had] failed to address whether alternative means of conducting discovery, such as telephone depositions or written interrogation [ ] were available ...." *Id.* The Eleventh Circuit, after careful consideration of the facts, thereafter affirmed the decision of the district court to deny Palmer's motion for a stay of the proceedings.

The Eleventh Circuit's *Comer* decision cites several considerations that favor De-

---

**1.** Defendants further argue that Captain Brown's affidavit says nothing about the exact amount of leave Plaintiff has accumulated, thereby implying that he could use some of his accumulated leave if he possesses any. Defs.' Response, pp. 5–6.

fendants in the instant case. First, it appears evident from the record that Plaintiff has not diligently pursued discovery in this case. Defendants assert that on October 3, 2001, they "served Plaintiff with written discovery requests, consisting of 11 Interrogatories and 16 Requests for Production of Documents." Defs.' Response, pp. 1–2. Over three and a half weeks later on October 29, 2001, Plaintiff's counsel asked for a six-week extension running to and including December 15, 2001. *Id.* at 2; Pl.'s Motion, p. 2. In Defendants words, "December 15, 2001 came and went without Plaintiff providing discovery responses . . . ." Defs.' Response, p. 2. Plaintiff's motion explains that Plaintiff did not complete discovery responses because he mistakenly thought that discovery had been extended into 2002. Pl.'s Motion, p. 3. However, Plaintiff has an attorney who can explain deadlines to him, and the burdens imposed by his misunderstanding should not be borne by Defendants. Thus, Plaintiff's explanation for his failure to complete discovery is inadequate.

Furthermore, the failure to complete the discovery requests came after an extension of time had already been agreed upon by the parties. From October 2, 2001 to December 9, 2001–the date on which Plaintiff had to report for active duty at Fort Stewart–Plaintiff had over two months to answer eleven (11) interrogatories and respond to sixteen (16) document requests. Given that Plaintiff's deadline for responding to the discovery requests was less than a week after the date he was ordered to

report for active duty, Plaintiff should have been able to complete or nearly complete this portion of the discovery before he traveled to Fort Stewart.

Brown's affidavit appears to contemplate that he would need to "release" Plaintiff to tend to this litigation. However, Plaintiff would not need to be "released" to complete Defendants' discovery requests; Plaintiff could ·complete discovery when not working. Defendants assert that Brown informed them that Plaintiff finished work at 5:00 PM and that his weekends are free. Defs.' Response, p. 5. Brown's affidavit is unfortunately sparse on details. The affidavit says nothing about the actual work schedule that Plaintiff maintains or whether he works on weekends.[2] Notably, Plaintiff has not submitted a work schedule or other information to supplement his own motion or Brown's affidavit. Defendants have stated that "Plaintiff's own deposition will take less than a day and Defendants would be happy to take it on a Saturday for Plaintiff's convenience." Defs.' Response, p. 6. Given that Defendants are apparently attempting to secure discovery at the convenience of Plaintiff, surely Plaintiff can (1) cooperate in attempting to arrange a time to have his deposition taken and (2) work to complete discovery interrogatories and production requests of which he has been aware for more than a half year as of the date of this Order.

The *Comer* opinion also illustrates that Plaintiff's physical location works no disadvantage to his case. Plaintiff's attorney is

---

**2.** The statement Brown purportedly made to Defendants that Plaintiff (1) has his weekends free and the statement in his affidavit that he (2) works "12 to 14 hours *every day*" are irreconcilable. If Plaintiff works "every day," then obviously he does not have his entire weekends free. It appears plausible that

Brown meant that Plaintiff works 12 to 14 hours everyday that he is scheduled to work. The Court finds it improbable that Brown intended to say that Plaintiff works 12 to 14 hours a day, seven days a week, every day of the year.

located in Augusta, Georgia, *see* Pl.'s Motion, as is the Court, and Plaintiff is apparently on active duty at Fort Gordon, Georgia, in close proximity to his attorney and the Court. *See* Pl.'s Motion, Ex. B; Defs.' Response, p. 5. In contrast to Plaintiff's circumstances, the plaintiff in *Comer* was stationed in Fort Gordon, Georgia, while his case proceeded in the Middle District of Florida. Despite the potential obstacles this distance imposed, the Eleventh Circuit affirmed the district court's denial of the plaintiff's stay of the proceedings. Hence, Plaintiff's location is not a hindrance to his going forward with this litigation.

Finally, Plaintiff has offered no alternative suggestions for conducting discovery. *See* Defs.' Response, p. 8 ("Like plaintiff Palmer in *Comer* ... Plaintiff Dalenberg has made no effort during his active military duty to identify methods of discovery that would not conflict with that duty."). Defendants have offered to take Plaintiff's deposition on a weekend and have stated that "[s]hould a trial date arise before Plaintiff's military service ends, a continuance of trial could be considered ...." *Id.* at 6. These efforts indicate some flexibility on the part of Defendants. Plaintiff, in contrast, has failed to offer an alternative solution. Hence, Plaintiff has not attempted to aid his own cause.

## III. *CONCLUSION*

For the aforementioned reasons, the Court **FINDS** that this action should *not* be stayed. As a result, the Court **DENIES** Plaintiff's motion (Doc. No. 9) for a stay of proceedings. Because proceedings in this case will not be stayed, the Court **GRANTS** the joint motion (Doc. No. 11) for an extension of time to conduct discovery and file civil motions. The discovery period shall run to and include **August 6, 2002**. The last day for filing civil motions excluding motions in limine shall be **September 5, 2002**.